### Richmond

### DONALD F. KERN

### v.

### J. L. BARKSDALE
### FURNITURE CORPORATION

January 21, 1983.

Record No. 801544.

Present: All the Justices.

*T. David Thelen (Eggleston & Thelen*, on briefs), for appellant.
*Jeffrey A. Ward (Humes J. Franklin, Jr.; Franklin, Franklin & Denney*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, J. L. Barksdale Furniture Corporation obtained a judgment against Donald F. Kern for the sale of certain

furniture. Kern appeals, contending the trial court erred in holding he was indebted to Barksdale.

Certain underlying facts in this dispute are the same as in *Kern v. Freed Co.,* 224 Va. 678, 299 S.E.2d 363 (1983). Kern contracted with a developer to construct a house at Wintergreen, in Nelson County. At the same time, he contracted with Diana Courtney, an interior designer, to perform decorating services and to purchase certain furniture and accessories for the house. He agreed to pay Courtney $8,400.

On November 24, 1978, Courtney went to Barksdale's store in Waynesboro and purchased eight beds and certain accessories for Kern's Wintergreen house at a cost of $1,278.60. She informed Barksdale that Kern would pay for the purchases. The merchandise was charged to Kern and delivered to the house the same day.

The next day, Courtney, accompanied by Kern, returned to Barksdale's. Kern was introduced to J. L. Barksdale, an officer of the corporation. Mr. Barksdale testified that Kern indicated he was anxious to complete the furnishing of the Wintergreen house because he had rented it. Barksdale continued: "Dr. Kern set out through the store, and purchased the items. . . . Dr. Kern was calling the shots, and it was to Dr. Kern that I was looking." Kern discussed delivery of the furniture with Barksdale. He did not tell Barksdale of his contract with Courtney, and Barksdale did not know the details of it. There was no discussion of the purchases Courtney had made the previous day.

Barksdale has not been paid for the items in question, which have been retained by Kern. Courtney has left the jurisdiction. Kern contends he paid Courtney under his contract and that she is responsible for payment to Barksdale. He argues Courtney had no authority to pledge his credit to pay for the furniture. Barksdale, in turn, contends Courtney had apparent authority to purchase the items for Kern, and he is therefore responsible for the payment.

With regard to the November 25 purchases, it is unnecessary to decide what authority Courtney had to act for Kern. Viewing the evidence in the light most favorable to Barksdale, it reveals the company was dealing not with Courtney, but directly with Kern. Kern did nothing that day to indicate Courtney was responsible for paying for the merchandise, and Barksdale was free to look directly to Kern for payment. Therefore, we will affirm that portion of the judgment relating to the purchases of November 25.

With regard to the purchases of November 24, a different case is presented. On this date, Courtney alone appeared at the store and purchased the goods in the name of Kern. Barksdale made no attempt to determine the extent, if any, of Courtney's authority. Further, Kern did nothing on or before this date to indicate to Barksdale that Courtney was his agent.

■ One who deals with an agent does so at his own peril and has the duty of ascertaining the agent's authority. If the agent exceeds his authority, the principal is not bound by the agent's act. *Kern* v. *Freed Co.*, 224 Va. at 678, 299 S.E.2d at 364; *Seergy* v. *Morris Realty Corp.*, 138 Va. 572, 577, 121 S.E. 900, 902 (1924). However, the principal is bound, under the doctrine of apparent authority, to the extent he holds out another as having the authority to act for him. *Southern Amuse't Co.* v. *Ferrell*, 125 Va. 429, 433, 99 S.E. 716, 717 (1919). This is true even if the agent commits a fraud. *Dudley* v. *Estate Life Ins. Co.*, 220 Va. 343, 347-51, 257 S.E.2d 871, 874-76 (1979).

■ Barksdale can point to no act taken by Kern on or before November 24 by which he held out Courtney as having authority to pledge his credit. It argues, however, that Kern did so by appearing at the store with Courtney on the 25th. While this appearance could have led Barksdale to believe Courtney was Kern's agent, it did nothing to define the extent of the agency. No discussion was had of the purchases made the day before, nor did Kern or Courtney discuss the terms of their contract in the presence of Barksdale. For these reasons, Courtney did not have the apparent authority to pledge Kern's credit to pay for the items purchased on November 24.

■ In a further argument, Barksdale contends Kern ratified Courtney's acts by retaining possession of the goods purchased November 24, and is therefore liable for payment. Retention by the principal of the benefits of a contract made by an agent without authority can constitute a ratification of the contract. *Planters Bank, Etc., Co.* v. *Loe,* 193 Va. 411, 416-17, 69 S.E.2d 455, 458-59 (1952); *Southern Amuse't Co.*, 125 Va. at 436, 99 S.E. at 718; Restatement (Second) of Agency § 99 (1958). However, this doctrine applies "when the principal has received benefits which he is entitled to retain only if the transaction by which they were obtained is ratified, and to which he makes no independent claim. . . ." Restatement (Second) of Agency § 99, Comment a.

Further, retention may not amount to a ratification when the principal in good faith pays the agent for the goods. *Id.* Illustration 3.

■ In the present case, Kern had an independent claim on the items in question, irrespective of Courtney's dealings with Barksdale. The uncontradicted evidence shows that Kern paid Courtney for the goods, as he was obligated to do under his contract. Under the circumstances, his retention of the items did not unjustly enrich him and did not amount to a ratification of Courtney's act of pledging his credit to pay for them. For this reason, the trial court erred in entering judgment in the amount of $1,278.60 for the purchases made by Courtney, without authority, on November 24.

For the reasons stated, we will modify the judgment of the trial court by deducting the sum of $1,278.60, the amount of the November 24 purchases, and we will affirm the remainder of the judgment in the amount of $7,452.54.

*Affirmed as modified.*