## Richmond

ANDREW W. SCHILLING

v.

BEDFORD COUNTY MEMORIAL HOSPITAL, INC.

June 17, 1983.

Record No. 801898.

Present: All the Justices.

*V. Anne Edenfield (Henry L. Woodward,* on briefs), for appellant.

*Jonathan E. Davies (Davies & Devening,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we consider the applicability and constitutionality of the common law "necessaries" doctrine. Appellant contends the doctrine does not apply to the facts of this case or, if it does apply, that the doctrine constitutes unconstitutional gender-based discrimination. Appellee, on the other hand, contends the doctrine is applicable, that it does not contain a gender-based classification or, if it does, that such classification is constitutional.

Bedford County Memorial Hospital, Inc., sued Andrew W. Schilling for $6,421.53 for medical services it rendered Schilling's wife. Following a bench trial, the trial court rendered judgment for the hospital in the amount claimed. The court held that appellant was liable for his wife's bills under the necessaries doctrine.[1]

It is conceded that appellant's wife received necessary medical services from the hospital at various times in 1977 and 1978. During this time, appellant was living with his wife. Neither was employed. Appellant's only sizable asset was the real estate on which he and his wife lived, while his wife had no assets.

Appellant's wife was hospitalized four times. Upon each admission, she signed a promissory note, which the hospital filled in at her discharge for the amount of its charges. The hospital requested appellant to obligate himself for his wife's expenses, but he refused. Nevertheless, the hospital listed appellant as "guarantor" on its records. A hospital billing clerk testified it was the hospital's general policy to list husbands as guarantors of their wives' accounts. Schilling testified his wife had always personally paid her medical bills with money he provided.

The necessaries doctrine holds that a husband is responsible for necessary goods and services furnished his spouse by a third party. It stems from the common law rule that a wife could not have a separate estate. A husband was entitled to his wife's do-

---

[1] The court held as an alternative ruling that appellant was liable under an agency theory, in that his wife pledged his credit with the apparent authority to do so. This holding is not supported by credible evidence and therefore cannot stand. *Kern* v. *Freed Co.*, 224 Va. 678, 299 S.E.2d 363 (1983); *Kern* v. *Barksdale Corp.*, 224 Va. 682, 299 S.E.2d 365 (1983).

mestic services and consortium and was in return liable for her support. *Floyd* v. *Miller*, 190 Va. 303, 307, 57 S.E.2d 114, 116 (1950); *Hall* v. *Stewart*, 135 Va. 384, 389, 116 S.E. 469, 471 (1923).

Appellant contends the doctrine is inapplicable to the present case. He argues that when a wife and a third party agree that the wife shall be solely liable for the services provided, the husband is relieved of his responsibility. He alleges such an agreement existed in the present case by virtue of the fact the hospital accepted the promissory notes from his wife. Assuming, without deciding, that appellant states a valid exception to the necessaries doctrine, his argument must still fail. The trial court found as a matter of fact that neither the hospital nor appellant's wife intended, by the signing of the promissory notes, to make the wife solely liable for the hospital bills. We conclude the evidence supports this finding.

In a second argument, appellant contends the necessaries doctrine has been modified by the passage of Code § 55-37 which provides that "[a] husband shall not be responsible for any contract, liability or tort of his wife. . . ." He argues, applying this statute, that he is not liable to the hospital, since a contract existed between it and his wife for the provision of services.

The answer to appellant's argument is found in *Floyd* and *Hall*. In both these cases, we held that predecessors of Code § 55-37, which is part of the Married Woman's Act (Acts 1876-77, c. 329), did not affect the common law necessaries doctrine. *Floyd*, 190 Va. at 306, 57 S.E.2d at 115-16; *Hall*, 135 Va. at 389, 116 S.E. at 472. The doctrine creates an obligation directly between the husband and the third party who has provided services. This being so, the husband is liable on his personal indebtedness, not on a contract between the wife and the service provider. Therefore, the statute is not contravened.

Finding that the necessaries doctrine is applicable to the facts of this case, the only question remaining is the constitutional one. The hospital argues, however, that no constitutional issue is raised. It contends instead that the General Assembly has, by implication, amended the doctrine so as to make it gender neutral. We reject this argument.

In 1975, the General Assembly amended Code §§ 20-61 (the criminal nonsupport statute) and 20-107 (providing for support of a spouse as part of a divorce suit) to apply equally to husbands

and wives. Appellee argues the General Assembly has, by implication, also amended the necessaries doctrine to be gender neutral. However, we find no legislative history to support the contention that the General Assembly, in amending statutes it had previously enacted, meant also to amend a common law doctrine, and we refuse to attribute such a result to it.

This being the case, the necessaries doctrine, which makes a husband responsible for necessities provided to his spouse, but which does not impose a similar obligation on the wife, contains a gender-based classification. Appellant argues this classification is violative of Article I, § 11 of the Virginia Constitution and the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution.[2]

■ The United States Supreme Court has held that, for a sex-based classification to pass constitutional muster, it must serve an important governmental objective and be substantially related to the achievement of that objective. *Wengler* v. *Druggists Mutual Ins. Co.*, 446 U.S. 142 (1980); *Orr* v. *Orr*, 440 U.S. 268 (1979); *Califano* v. *Goldfarb*, 430 U.S. 199 (1977); *Craig* v. *Boren*, 429 U.S. 190 (1976) *reh'g denied*, 429 U.S. 1124 (1977). The hospital argues the necessaries doctrine serves the important governmental objective of providing prompt and efficient medical care. It contends that, in order to provide this care, a health care provider should not be forced to worry about who will be responsible for payment, and the necessaries doctrine helps to eliminate this worry.

■ Clearly, the provision of prompt and efficient medical services is a legitimate state concern. However, we hold the necessaries doctrine, containing, as it does, a gender-based classification, is not substantially related to promoting this interest. The doctrine does nothing to encourage the prompt and efficient treatment of a hospital's male patients.

■ The hospital contends the unequal treatment afforded men and women under the doctrine is justified due to financial inequities facing women. However, the Supreme Court has struck down a number of statutes which provided unequal benefits to men and

---

[2] We have held in the past that where possible we will rely on our own Constitution rather than resorting to that of the United States. *Richmond Newspapers* v. *Comm.*, 222 Va. 574, 588, 281 S.E.2d 915, 922-23 (1981). However, since we have held that Article I, § 11 is no broader than the Equal Protection Clause, *Archer and Johnson* v. *Mayes*, 213 Va. 633, 638, 194 S.E.2d 707, 711 (1973), our analysis is the same under both provisions.

women on the assumption that women were more financial dependent. *Wengler* (state workman's compensation statute); *Orr* (alimony); *Califano* (Social Security Act). In doing so, the Court has numerous times stated that such a gender-based classification cannot be justified on the basis of "archaic and overbroad" generalizations, "old notions," and "role typing" which conclude that the wife plays a dependent role, while it is the husband's primary responsibility to provide for the family. *Orr*, 440 U. S. at 279-80; *Califano*, 430 U.S. at 207. "No longer is the female destined solely for the home and the rearing of the family, and only the male for the marketplace and the world of ideas." *Orr*, 440 U.S. at 280, quoting *Stanton* v. *Stanton*, 421 U.S. 7, 14-15 (1975).

■ It is apparent the necessaries doctrine has its roots in the same, now outdated, assumptions as to the proper role of males and females in our society. It therefore creates a gender-based classification not substantially related to serving important governmental interests and is unconstitutional. The hospital urges us to extend the doctrine so it applies to wives as well as husbands, rather than abolish it. Courts in other jurisdictions have adopted this view.[3] However, this task, if advisable, is better left to the General Assembly.

For the reasons stated, the judgment of the trial court will be reversed and final judgment entered for the appellant.

*Reversed and final judgment.*

---

[3] *See, e.g., Manatee Convalescent Center* v. *McDonald*, 392 So.2d 1356 (Fla. Dist. Ct. App. 1980); *Jersey Shore, Etc.* v. *Estate of Baum*, 84 N.J. 137, 417 A.2d 1003 (1980); *Matter of Estate of Stromsted*, 99 Wis. 2d 136, 299 N.W.2d 226 (1980).