## CIRCUIT COURT OF ROANOKE COUNTY

Roanoke Valley
Psychiatric Center, Inc.

v.

James M. Christian
and Christine W. Christian

June 5, 1985

By Judge Kenneth E. Trabue

This is a suit by Roanoke Valley Psychiatric Center, Inc., against Dr. James M. Christian and Christine W. Christian, parents and natural guardians of Rebecca Christian, an infant, for judgment in the amount of $46,955.55 for necessary medical treatment rendered to the defendants' infant daughter pursuant to a civil mental detention order entered by a special justice on May 27, 1984. That court order found that the child presented an imminent danger to herself and to others as a result of mental illness, that there were no alternatives to involuntary hospitalization and treatment, and that she be forthwith delivered over to the Roanoke Valley Psychiatric Center for involuntary hospitalization for a period not to exceed 180 days. The order included the language "parents are hereby ordered to comply with treatment." The defendants have demurred and in essence take the position that so long as Dr. Christian is alive, he alone has the duty to provide the child with necessities, that the defendant mother has no such duty, and since the sole duty on the father is gender-based, any common law doctrine or statutory provision for provisions of necessities is unconstitutional, citing *Schilling v. Bedford County Hospital*, 225 Va. 539 (1983). The defendants then conclude that since the doctrine is unconstitutional, neither defendant is liable for the hospital bill and that the responsibility for payment falls either on their infant child or the Department of Social Services. (Defendants' Reply Memorandum, p. 2.)

For purposes of testing the demurrer, all facts in the motion for judgment well pleaded are deemed true. It is apparent that the plaintiff was not a volunteer; it is reasonably inferred from the pleadings and the exhibits

that the parents were present at the involuntary commitment proceeding or were given notice and are bound by the court's order; and it is conceded for purposes of the demurrer that the hospital bill was for necessary treatment for the defendants' infant daughter.

I can find no basis, either in the common law or the statutes, for the conclusion that "so long as an infant's father is alive, therefore, he alone is responsible for providing necessities for his infant child." (Defendants' Memorandum, p. 8.)

Va. Code § 31-1 (1979), Natural Guardians, provides:

> The father and mother of every legitimate unmarried minor child, if living together and being themselves respectively competent to transact their own business and not otherwise unsuitable, shall be the joint natural guardians of the person of such child, with equal legal powers and equal legal rights in regard to such child; and upon the death of either parent, the survivor shall be the natural guardian of the person of such child. If either parent has abandoned his or her family, the other shall be the natural guardian of the person of such child.

Note the provision "with equal legal powers and equal legal rights."

Va. Code § 31-2 (1979) gives to the mother as well as the father the right to appoint a testamentary guardian of the child's estate but preserves to the surviving parent the entitlement to the custody of the child so long as that parent is a fit and proper person to have such custody.

Va. Code § 16.1-228 (1982) sets a standard where "legal custody" is created by court order in either the mother, the father or a third person; paragraph O states:

> *Legal custody* means a legal status created by court order which vests in a custodian the right to have physical custody of the child, to determine where and with whom he shall live, the right and duty to protect, train and discipline him, and to provide him with food, shelter, education and ordinary medical care, all subject to any residual parental rights and responsibilities.

Va. Code § 16.1-228(A)(2) (1982) defines an "abused" or "neglected" child to mean "any child whose parents or other person responsible for his care . . . neglects or refuses to provide care necessary for his health . . . ."

Va. Code § 16.1-241 (1982) gives to the Juvenile and Domestic Relations District Court jurisdiction and venue to deal with the issues of abuse

or neglect, and Va. Code § 16.1-253 (1982) gives that court authority to issue orders which may require the child's parents to cooperate in the provision of reasonable services or programs designed to protect the child's life, health, or normal development. Va. Code § 16.1-279 (1982) authorizes either the Juvenile Court or the Circuit Court, if a child is found abused or neglected, to put the parents on terms to cure the conditions leading to the neglect.

It seems abundantly clear that both parents, both male and female and without regard to gender, have an equal duty to provide care necessary for their child's health, food, shelter, and education so long as they are the joint natural guardians of the person of such child as provided by Va. Code § 31-1 (1979); *Featherstone v. Brooks*, 220 Va. 443, 448 (1979).

Furthermore, the holding in *Schilling, supra*, simply is inappropriate to this case. The necessaries doctrine dealt with in *Schilling* related solely to the husband's responsibility for necessary goods and services furnished his spouse by a third party. That doctrine arose from the common law rule that a wife could not have a separate estate and its relationship to later statutory changes brought on by the Married Woman's Act. This has no bearing upon nor application to the duty of parents to provide for the maintenance, education, support, and medical care and treatment for their infant children. This duty is gender-neutral and is not constitutionally prohibited.

Mr. Lucas may prepare an order overruling the demurrer and granting leave to the defendants to file their grounds of defense within twenty-one days from May 31st.