## CIRCUIT COURT OF FLOYD COUNTY

Commonwealth of Virginia

v.

Elwood Harden Gallimore

June 4, 1993

BY JUDGE KENNETH I. DEVORE

This matter is before the Court on the defendant's Motion to Dismiss the indictments against the defendant for alleged violations of §§ 18.2–68 and 18.2–370.1 of the 1950 Code of Virginia.

> Section 18.2–370.1. *Taking indecent liberties with child by person in custodial or supervisory relationship.* — Any person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen, who is the parent, step-parent, grandparent, step-grandparent, or stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, shall knowingly and intentionally (i) propose that any such child feel or fondle the sexual or genital parts of such person or that such person feel or handle the sexual or genital parts of the child, or (ii) propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2–361, or (iii) expose his or her sexual or genital parts to such child, or (iv) propose that any such child expose his or her sexual or genital parts to such person, or (v) propose to the child that the child engage in sexual intercourse, sodomy, or fondling of sexual or genital parts with another person, or (vi) sexually abuse the child as defined in § 18.2–67.10 (6), shall be guilty of a Class 6 felony.

The defendant is charged with two counts of taking indecent liberties with a child by a person in a custodial or supervisory relationship. Prior to 1991, this section only applied to a person who was a parent,

step-parent, step-grandparent, or who stood *in loco parentis* with respect to such child. The Legislature amended this section to include all persons in a custodial or supervisory relationship. This section now provides that any person over the age of eighteen years or older and maintains a custodial or supervisory relationship of a child under the age of eighteen years may be found guilty of a Class 6 felony. It has been stipulated that the defendant is over the age of eighteen years and the victim is under the age of eighteen years. There is no family relationship between the defendant and the victim.

The question, therefore, comes down as to whether the defendant maintained a custodial or a supervisory relationship over the victim. The word supervisor or supervising is not defined in the Virginia Code. It can be found defined in any number of other places, *Webster's Dictionary*, etc. The Court is of the opinion that it is a factual question to be determined by the facts presented at the time of trial and the matter cannot be ruled on at this time. The Motion, therefore, is overruled.

The second question for the Court is whether § 18.2–68 of the Code of Virginia passes Constitutional muster?

> Section 18.2–68. *Seduction of female of previous chaste character; reputation for chastity.* — If any person, under promise of marriage, conditional or unconditional, seduce and have illicit connection with any unmarried female of previous chaste character, or if any married man seduce and have illicit connection with any unmarried female of previous chaste character, he shall be guilty of a class 4 felony. For the purpose of this section, the chastity of the female shall be presumed, in the absence of evidence to the contrary. In all criminal prosecutions for seduction under this section, evidence respecting the general reputation of the prosecutrix for chastity may be introduced either by the Commonwealth or the accused.

Does it violate the equal protection clause contained in the Fourteenth Amendment to the United States Constitution and Article I, Section XI, of the Virginia Constitution?

> Section 11. *Due process of law; obligation of contracts; taking of private property; prohibited discrimination; jury trial in civil cases.* — That no person shall be deprived of his life,

liberty, or property without due process of law; that the General Assembly shall not pass any law impairing the obligation of contracts, nor any law whereby private property shall be taken or damaged for public uses, without just compensation, the term "public uses" to be defined by the General Assembly; and that the right to be free from any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin shall not be abridged, except that the mere separation of the sexes shall not be considered discrimination.

That in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other and ought to be held sacred. The General Assembly may limit the number of jurors for civil cases in courts of record to not less than five.

Since 1975, almost every state has repealed the seduction statutes on their books. The Commonwealth is one of the three or four jurisdictions in the nation which still has a criminal seduction statute. The legislature has heretofore repealed the civil statute allowing a seduced female to sue her former lover for money damages. The last Virginia case reported in Virginia for criminal seduction was the case of *Britt v. Commonwealth*, 202 Va. 906 (1961).

The statute on seduction was passed to protect virginal females from being seduced by flattery or false promises of marriage by men. The law only applied to virgins, as loss of virginity was considered a serious impediment to marriage. Since it was assumed that a woman who was not married would not be able to support herself, the statute sought to force the man to the altar by making a subsequent marriage between the parties a complete defense. Virginia Code § 18.2–70.

The Commonwealth admits that the statute in question is one that establishes a gender classification subject to scrutiny under both the Virginia and Federal Constitution. However, the Commonwealth argues that the statutory scheme is not unconstitutional as applied in this case. The Commonwealth cites the case of *Schilling v. Bedford County Hospital*, 225 Va. 539, 543 (1983), in which a two-prong test is established requiring legitimate state concerns and a substantial relationship of the statute to the achievement of the objective. The Commonwealth argues that the seduction statute contains and effects two compelling and legitimate state interests. First, the statute protects the institution of marriage, and, second, the state has a further compelling and legiti-

mate interest in preventing those relationships in which children may be born out of wedlock. The Commonwealth does concede that the purposes of the statute are now different in the 1990's from when it was originally drafted by the legislature.

The Court must disagree. As the defendant argues, the statute is not necessary for the protection of the institution of marriage. It would be as easy for a married woman to seduce an unmarried man as it is for a married man to seduce an unmarried woman. As the *Schilling* court admitted, providing hospitalization for a spouse was a compelling state interest, but it found, just as in the present case, that the scheme did nothing to protect a man who would also be in need of medical care and, therefore, declared the entire doctrine unconstitutional, There is no rational reason why women could not seduce a married man, thus disrupting the institution of marriage just as easily as a man could seduce a woman. The Commonwealth further provides that the statute would protect against illegitimate pregnancies. Clearly the intent of the statute when passed in the nineteenth century was to protect against illegitimate pregnancies, but only as to virgins. Unchaste women are as equally capable of getting pregnant as chaste women.

The Commonwealth further argues that the seduction statute protects pregnancy out of wedlock by prohibiting conduct which would give rise to such event. It is true that it is biologically impossible for a male to suffer a pregnancy. It would not be true to say that a man suffers no consequences as a result of a woman fathering his child. The Virginia Code requires that he financially support this child. Section 20–108.2, Virginia Code. Further, there is no reason why a man could not seek custody of the child and attempt to raise the child himself under the laws in the 1990's.

The Court is of the opinion that § 18.2–68 of the Code of Virginia is archaic and a gender-based statute, which is unconstitutional, and the Court so holds.