## CIRCUIT COURT OF FAIRFAX COUNTY

Terminal Road Associates

v.

Daniel L. Hall

September 15, 1993

Case No. (Law) 122146

BY JUDGE THOMAS S. KENNY

This case presents the question of an agent's contract liability where the principal's liability has already been established.

The Washington Area Ministers' Alliance (WAMA) entered a written lease for certain commercial property with Terminal Road Associates in November, 1991, in which WAMA was the lessee on a contract signed by Daniel Hall for WAMA as follows "Washington Area Ministers' Alliance, by: Daniel Hall." Although the lease contained a page allowing for a notarized agreement by which the signing parties would personally guarantee the contract, this page was not signed or notarized by any individual who signed the lease. At the time the lease was signed, Daniel Hall allegedly had been instructed by WAMA's Board of Directors not to enter a lease binding WAMA in relation to any third party. Accepting this allegation as true for purposes of this demurrer, Hall would thus have no actual authority to bind WAMA. However, as president of WAMA, he would have apparent authority to do so.

When the lessee WAMA became in arrears on the lease, Terminal Road filed a Summons for Unlawful Detainer against WAMA and Hall in General District Court. On January 8, 1993, Terminal Road obtained a default judgment against WAMA for possession and unpaid rent totalling $26,044.38 and proceeded to voluntarily nonsuit Hall on that cause of action. WAMA did not appear to contest the entry of the default judgment.

The plaintiff Terminal Road then filed a motion for judgment in Circuit Court against Daniel Hall personally for the amount of the

prior rent WAMA was held liable for, plus subsequently unpaid rent, for a total of $40,188.10. This motion comprised three counts: (1) breach of warranty of authority; (2) breach of contract; and (3) fraud and deceit. On counts 1 and 3, the court has already sustained Hall's pleas in bar and demurrers.

Hall has demurred to the breach of contract claim on the grounds that under Virginia law, an agent for a disclosed principal is not liable on a contract unless he has expressed an intention to be bound. I agree and sustain the demurrer.

The common law of Virginia pertaining to an agent's liability to a third party for a breach of contract states that as a general rule, an agent with authority to contract for a disclosed principal is not liable on a written contract absent express agreement in the contract to be personally bound. *House v. Kirby*, 233 Va. 197 (1987); *Richmond Union Passenger Ry. Co. v. New York & Sea Beach Ry. Co.*, 95 Va. 386 (1897).

Authority to enter a contract for a principal need not be express. Even if the agent is initially instructed by the principal not to enter a contract on the principal's behalf, a subsequently entered contract can be "ratified" by the principal. Such ratification functions as the equivalent of original authority to contract and operates from the date of initial contracting by the agent for the principal. *Moncier v. Green*, 182 Va. 127 (1943). Ratification can occur by the principal's acceptance of the benefits of the contract, or by his failure to dissent from an agent's unauthorized act within a reasonable time thereafter. If such an originally unauthorized contract is not promptly disavowed, the contract can be treated as the principal's. *Kilby v. Pickurel*, 240 Va. 271 (1990); *Kern v. J. L. Barksdale Furn. Corp.*, 224 Va. 682 (1983); *Winston v. Gordon*, 115 Va. 899 (1914).

The existence of an agency relationship itself can be determined by inference from the facts surrounding a given transaction, as well as the conduct of the parties. The presence or absence of language such as "agent" in a document purporting to bind a principal is not determinative of the existence of the principal-agency relation. *Drake v. Livesay*, 231 Va. 117 (1986); *Catlett v. Hawthorne*, 157 Va. 372 (1931).

Here, assuming that the allegations in the motion for judgment are true that WAMA instructed Daniel Hall not to enter a contract binding WAMA with respect to third parties, this lack of initial actual authority is not fatal. Because Terminal Road obtained a default judgment from

WAMA for possession and the initial rents in arrears *and* WAMA did not choose to contest that proceeding in court, WAMA did not timely protest the validity of a contract that on its face named WAMA as the lessee and from which lease WAMA arguably benefitted despite the original instruction to Hall not to enter such a lease for WAMA.[1] Therefore, WAMA's inaction ratified the lease agreement, and Hall had the requisite authority from WAMA retroactively to the date of contracting with Terminal Road.

Given the ratification of the contract and the default judgment against WAMA, the lease was entered into for a disclosed principal. Although the signature for WAMA by Hall did not include a word like "agent" or the like signifying that Hall was signing on WAMA's behalf alone, the rest of the contract supports the conclusion that personal liability of Hall was not expressly assented to by Hall. In particular, the body of the agreement contained no language binding Hall personally for default by the named lessee WAMA. Further, the failure by representatives from either Terminal Road or WAMA to sign the page providing for a personal guarantee suggests that none of the individuals who signed the lease envisioned personal liability. Therefore, Hall cannot be held personally liable on this contract, and the demurrer to the breach of contract claim against Hall is sustained, without leave to amend.

---

[1] In addition, it appears that WAMA in fact took possession of the leasehold and used it for its purposes. However, WAMA itself never paid any rent. What rent was paid was paid by Hall's own church. (Amended Motion for Judgment, para. 9.)