In re Ernest Ray ROOT, Debtor.

LEWIS–GALE CLINIC, INC., Movant,

v.

Ernest ROOT, Jeanne Marie Whitt Root and J. Glenwood Strickler, Trustee, Respondents.

Bankruptcy No. 7–95–00506–13.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke District.

Aug. 15, 1996.

Gary M. Bowman, Roanoke, VA, for debtor.

Michael S. Ferguson, Roanoke, VA, for movant.

J. Glenwood Strickler, Trustee.

## ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court is Motion No. 2 for relief from the co-debtor stay filed by Lewis–Gale Clinic, Inc. against the debtor, Ernest Root and his non-debtor wife, Jeanne Marie Whitt Root. The facts as set forth in the motion are not in dispute. At all relevant times to this proceeding, Mr. and Mrs. Root have been married and are living together. Mr. Root filed his Chapter 13 proceeding on February 28, 1995.

Prior to Mr. Root's Chapter 13 proceeding, Mrs. Root received medical services from Lewis–Gale which extended from May 25, 1994, through May 25, 1995. There was a balance due to Lewis–Gale for medical services rendered to Mrs. Root in the amount of $531.70, that balance was not paid and on August 9, 1995, Lewis–Gale obtained a default judgment against both Mr. and Mrs. Root for the indebtedness resulting from medical services rendered to Mrs. Root.[1]

---

1. The court notes that the pleadings of Lewis–Gale show that it obtained a judgment against Mr. Root in August of 1995, notwithstanding the fact that he had filed a Chapter 13 proceeding in February of 1995. This judgment was ineffective against Mr. Root as being a violation of the automatic stay imposed by 11 U.S.C. § 362(a). The only basis for the clinic's obtaining a judgment against Mr. Root was the Virginia Common Law Doctrine of Necessaries.

On September 22, 1995, Lewis–Gale garnished Mrs. Root's wages at First Union Bank. The garnishment was returnable on December 13, 1995. On December 4, 1995, the debtor, by counsel, amended his schedules to include Lewis–Gale as a creditor and moved to quash the garnishment, asserting that the co-debtor stay of 11 U.S.C. § 1301 prohibited Lewis–Gale from proceeding. By order dated January 11, 1996, the motion to quash was granted and a motion to reconsider was denied on February 7, 1996. On May 9, 1996, the debtor amended his plan for the third time to include a payment to Lewis–Gale of $549.70 at $11.40 per month over the plan payment period of 48 months. This plan payment would cover the judgment principal ($531.70) and judgment costs ($18.00) of Lewis–Gale. This plan has not been confirmed.

Lewis–Gale filed motion number 2 for relief from the co-debtor stay imposed by 11 U.S.C. § 1301 on April 16, 1996. The debtor filed a responsive pleading opposing the motion on May 3, 1996, and the parties were heard on May 13, 1996. The case is ripe for decision.

Lewis–Gale seeks relief from the stay imposed by 11 U.S.C. § 1301(a) which states:

(a) Except as provided in subsection (b) and (c) of this section, after the order for relief under this Chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor ...

There is no dispute that the indebtedness claimed by Lewis–Gale in this case is a consumer debt as that is defined in 11 U.S.C. § 101(8). Further, there is no issue that it is a consumer debt of the debtor. Under 11 U.S.C. § 101(12), "debt" means liability on a claim. Under 11 U.S.C. § 101(5), "claim" means—"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." The Virginia common law doctrine of necessaries gives Lewis–Gale a claim against Mr. Root for the medical services rendered to his wife.[2]

Under 11 U.S.C. § 1301(c)(1), the court must lift the co-debtor stay to permit the creditor to proceed against the non-debtor spouse in this case if she received the consideration for the claim held by such creditor. In this case, it is clear that all of the medical services were delivered directly to Mrs. Root. However, it seems to this court that the underpinnings of the Virginia common law doctrine of necessaries necessarily contemplates that a husband who has the legal responsibility for providing his wife with this kind of medical services receives a consideration from the provider of those medical services when they are delivered.[3] Thus, this court finds that Mr. Root did receive a consideration when the medical services were delivered to his wife. Accordingly, section 1301(c)(1) is not available to Lewis–Gale to give it relief from the co-debtor stay.

Section 1301(c)(2) of the Code provides that the stay should be lifted if the plan filed by the debtor proposes not to pay such claim. In this case, the amended plan proposes a 100% payout of the claim. Therefore, upon confirmation section 1301(c)(2) is not available to Lewis–Gale for relief from the automatic stay.

2. See Schilling v. Bedford Cty. Memorial Hosp., 225 Va. 539, 303 S.E.2d 905, 906–907 (1983). While the Virginia Supreme Court invalidated the Common Law Doctrine of Necessaries in Schilling on the ground that it contained an unconstitutional gender-based classification, the Virginia General Assembly revived the doctrine in gender-neutral form in Code of Virginia § 55–37, which became effective on July 1, 1984.

3. See id. ("The necessaries doctrine holds that a husband is responsible for necessary goods and services furnished his spouse by a third party. It stems from the common law rule that a wife could not have a separate estate. A husband was entitled to his wife's domestic services and consortium and was in return liable for her support. (citations omitted) ... The doctrine creates an obligation directly between the husband and the third party who has provided the services. This being so, the husband is liable on his personal indebtedness, not on a contract between the wife and the service provider.")

Finally, section 1301(c)(3) provides that the court may lift the stay if the creditor's interest would be irreparably harmed by a continuation of such stay. There has been no showing that Lewis–Gale will be irreparably harmed if the stay is not lifted.

For the reasons stated above, it is

ORDERED:

That the motion by Lewis–Gale Clinic, Inc. for relief from the co-debtor stay imposed by 11 U.S.C. § 1301(a) be, and it hereby is DENIED.