# CIRCUIT COURT OF THE CITY OF STAUNTON

Williams Scotsman, Inc.

v.

Ebeneezer Crawford
and Greyhound Lines, Inc.

August 9, 2000

Case No. CL00-032

BY JUDGE HUMES J. FRANKLIN, JR.

The issue presented in this case is whether a principal is liable under the theory of apparent authority for contracts formed by its limited agent, where the principal made no manifestation to the third party as to the existence of an agency relationship.

*Facts*

Williams Scotsman, Inc., (hereinafter Scotsman) brought this action to recover a mobile office or the unpaid balance of the purchase price from Mr. Crawford and Greyhound, Inc. (hereinafter Greyhound) under the theory of apparent authority. Upon completion of the plaintiff's evidence, Greyhound made a Motion to Strike.

Mr. Crawford, the defendant in the present action, owned and operated a bus terminal in Staunton, Virginia, for a number of years. Mr. Crawford served as a ticket agent for Greyhound under an agreement between Mr. Crawford and Greyhound. A structure adjacent to the bus terminal caught on fire and the resulting damage forced the closure of the bus terminal. As a result of the closure, Mr. Crawford contacted Scotsman to inquire as to the availability and price of a mobile office for use as a bus terminal at another location.

Mr. Crawford indicated to Scotsman that he operated a Greyhound bus terminal in Staunton. During the ensuing negotiations, Mr. Crawford and Scotsman either met in person or were in contact by telephone and fax. As a result of these negotiations, Scotsman ran a credit report on Greyhound and agreed to sell the terminal provided that Mr. Crawford sign the required documentation as "Greyhound Lines, Inc., by Ebeneezer Crawford." Mr. Crawford did so sign. Had Mr. Crawford not signed in the manner requested, Scotsman would not have sold the mobile office to him.

At no time during the negotiations was Greyhound in contact with Scotsman. Scotsman's only point of contact was Mr. Crawford. Throughout the entire process, Scotsman neither questioned Mr. Crawford as to the existence or scope of his authority as an agent of Greyhound nor did they contact Greyhound to make such inquiries. Scotsman did not attempt to verify Crawford's authority in any way. Also, at no time after contract formation and delivery of the mobile office did Greyhound assert ownership rights over the office or make payments on the debt. Mr. Crawford made all of the payments for the mobile office.

*Analysis*

Generally, the rights and liabilities among a principal, his agent, and third parties are governed by the apparent scope of the agent's authority to act on behalf of the principal. See *Wright v. Shortridge*, 194 Va. 346, 73 S.E.2d 360, 364 (1952). The extent of this authority is limited to "that authority which the principal has held the agent out as possessing, or which he has permitted the agent to represent that he possesses." *Id.* To the extent the principal has so cloaked the agent, he "is estopped to deny that the agent possessed the authority which he exercised." To a third party, this authority is perceived as real authority. *Id.* Anytime a third party deals with an agent without further inquiring as to the existence and scope of the agent-principal relationship, he does so at his own peril. In such circumstances, where no agency relationship exists or the agent's authority is exceeded, the sole recourse of a third party is against the agent, for the principal is not bound. See *Kern v. J. L. Barksdale Furniture Corp.*, 224 Va. 682, 685, 299 S.E.2d 365 (1983).

The theory of apparent authority generally applies to cases in which the principal's conduct indicates the existence of an agency relationship. *MBA, Inc. v. VNU Amvest, Inc.*, 51 B.R. 966 (Bankr. E.D. Va. 1985). Conduct solely on the behalf of the agent is insufficient to create the existence of apparent authority unless the principal allows the agent to act in such a manner or the principal would be unjustly enriched. See *Southern Amusement Co. v. Ferrell-*

*Bledsoe Furniture Co.*, 125 Va. 429, 99 S.E. 716. See also *Kern*, 224 Va. 682, 299 S.E.2d 365. The foundation for the rules which govern apparent authority are the principles of equitable estoppel. See generally *Neff Trailer Sales v. Dellinger*, 221 Va. 367, 269 S.E.2d 386 (1980).

In the case of *Southern Amusement Co.* v. *Ferrell-Bledsoe Furniture Co.*, the principal continually allowed the manager of one of its theaters to purchase furnishings and other large purchases on its behalf. See *Southern Amusement Co.*, 125 Va. 429, 99 S.E. 716. The corporation consistently paid the bills for all purchases the manager made prior to the purchase at issue in the case. These facts were well known to plaintiff who held an open account for the theater. The manager made extensive purchases from the plaintiff for the purpose of renovating the theater, and the theater company subsequently refused to pay the bill. In that case, the court held the theater liable under the theory of apparent authority because the theater cloaked the manager in the robe of apparent authority and made no limitation as to the extent of his authority known to the plaintiff or the public in general. See *id.* at 429.

The court in *Southern Amusement Co.* based its holding partially on the idea that the theater should not receive the benefit of the furnishings without compensating the plaintiff. The court stated that because the theater accepted the benefits of the furnishings, "it must assume its burdens." *Id.* Generally, where the principal retains the benefits of a contract made by his agent without authority this may act as ratification of the contract[1] unless the principal pays the agent for the goods in good faith. See *Kern*, 224 Va. at 685, quoting Restatement (Second) of Agency § 99 (1958).

The case at hand falls outside the holding of *Southern Amusement Co.* and the underlying principles of apparent authority. Scotsman relied solely upon its contact with Crawford to ascertain the existence and scope of his agency relationship with Greyhound. Greyhound made no manifestations to Scotsman whatsoever and had no contact between Greyhound and Crawford nor did it overhear any conversation between the two that would indicate the existence of an agency relationship. Also, it was not common knowledge that such a relationship existed between Greyhound and Crawford or that Greyhound paid any of Crawford's bills. Finally, Greyhound would not be unjustly enriched by a holding that no apparent authority existed because it is not now, nor has it ever been, in possession of the mobile office and, therefore, has not retained the benefit of its agent's bargain.

Because Scotsman relied solely upon its contact with Mr. Crawford to ascertain the existence and scope of his agency relationship with Greyhound,

---

[1] See Planters Bank, etc. v. Loe, 193 Va. 411, 69 S.E.2d 455 (1952).

Greyhound made no manifestations to Scotsman whatsoever, and Greyhound would not be unjustly enriched, the equitable rules of apparent authority are inapplicable. Also, Scotsman's failure to ascertain the scope or existence of the agency relationship rendered Mr. Crawford as their sole avenue of recourse.

Therefore, for all of the foregoing reasons, the equitable rules of apparent authority are inapplicable in the present action and Greyhound's Motion to Strike should be granted. Scotsman made a business decision to forgo the time and expense of ascertaining the extent of the agency relationship. The Court will, in fact, grant judgment in favor of Scotsman against Ebeneezer Crawford.