COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, AtLee and Malveaux
Argued at Norfolk, Virginia

BASHAR AL JOBORI, ET AL.

v.     Record No. 1646-22-1

HADI MAKHOUL

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
DECEMBER 12, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

Steven B. Wiley (Wiley Law Offices, PLLC, on briefs), for
appellants.

(Stephen E. Heretick; Stephen E. Heretick, P.C., on brief), for
appellee. Appellee submitting on brief.

Bashar Al Jobori and HMI Corporation, Inc. appeal the circuit court's ruling sustaining Hadi

Makhoul's plea in bar, finding that a settlement agreement barred their claims. On appeal, Al Jobori

and HMI contend that the court erred by "making conclusions of contested fact without the

presentation of evidence." Finding no error, we affirm.

BACKGROUND

Makhoul is the former sole owner of HMI, which operated a restaurant in Norfolk,

Virginia. On September 1, 2020, Makhoul sold 49% of his interest in HMI to Al Jobori. Later,

on February 16, 2021, Makhoul sold his remaining 51% interest in HMI jointly to Al Jobori and

Frederick Hamilton.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Following the sale, a dispute arose between Makhoul, Al Jobori, Hamilton, and HMI. Makhoul successfully filed for a temporary restraining order enjoining Al Jobori and Hamilton from entering the restaurant. Al Jobori and Hamilton were unable to operate the restaurant until the court dissolved the order two weeks later.

Makhoul later sued Hamilton, and Hamilton and HMI countersued. On November 12, 2021, Makhoul, Hamilton, and HMI entered into a confidential settlement agreement (the CSA) mutually releasing each other from "any and all claims and causes of action . . . that have arisen as of the Effective Date of th[e] Agreement." Hamilton signed the CSA both individually and on behalf of HMI as its president. The CSA reflects that HMI was also represented by counsel.

On March 14, 2022, Al Jobori and HMI sued Makhoul for claims arising from the dispute over the injunction. Makhoul filed a plea in bar to the complaint arguing that HMI had released its claims against him under the CSA and that Al Jobori failed to assert a cause of action "apart from his standing as a shareholder and alleged officer of HMI." Al Jobori and HMI responded that the CSA was invalid because Hamilton was never the president of HMI and did not have the authority to execute the CSA on HMI's behalf.

The court held a hearing on Makhoul's plea in bar. Makhoul argued that Hamilton had either the actual, apparent, or implied authority to execute the CSA on HMI's behalf because he had held himself out as the president and CEO of HMI both to Makhoul and "to the world." Without objection, Makhoul introduced into evidence a copy of the CSA that Hamilton had signed as its president and a "Statement of Change of Registered Office and/or Registered Agent" filing with the Virginia State Corporation Commission (the SCC) stating that Hamilton was the president and CEO of HMI as of March 5, 2021.

Al Jobori's counsel did not present any evidence and argued that "there are evidentiary issues that are well beyond the scope of . . . a 30-minute hearing," and he "fe[lt] that that is going

to require both discovery and development and presentation of evidence beyond the scope of the time that we have here today." At the court's request, Al Jobori's counsel proffered that Al Jobori owned 74.5% of HMI and that the February 16, 2021 sale agreement stated, "Makhoul shall resign and . . . Al Jobori shall become the new president" of HMI.[1] He further proffered that Al Jobori was unaware of the SCC filing and argued that the CSA "was ultra vires and was not binding on . . . Al Jobori" or HMI.

After considering the CSA, the SCC filing, and counsel's arguments, the court found that Hamilton "possess[ed] at least apparent authority to act on behalf of and to bind HMI" to the CSA. The court further found that Al Jobori and HMI's complaint "assert[ed] causes of action . . . which ha[d] previously been fully and finally settled by the [CSA]" and there were "no remaining claims properly before the [c]ourt."[2] Accordingly, the court sustained Makhoul's plea in bar and dismissed Al Jobori and HMI's claims with prejudice.

ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)). "The movant bears the burden of proof on such a plea, and if evidence is presented ore tenus, the circuit court's factual findings 'are accorded the

---

[1] Although Al Jobori attached the February 16, 2021 sale agreement to his complaint, he did not introduce it into evidence.

[2] The court found that, under the CSA, HMI settled the claims of its shareholders, officers, directors, and employees. The court held that "even if . . . Al Jobori had certain rights as a shareholder, as an officer, as a director, as an employee, that . . . Hamilton settled those rights under his at least apparent authority."

weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Id.* (quoting *Massenburg*, 298 Va. at 216).

Al Jobori and HMI argue that the court erred by concluding, "without the presentation of evidence," that Hamilton had the apparent authority to execute the CSA on HMI's behalf. They claim that Makhoul "presented no evidence of . . . Hamilton's apparent authority to bind HMI with regard to the [CSA] or that his reliance upon any alleged apparent authority was reasonable under the circumstances." Contrary to their assertions, however, the record clearly shows that Makhoul did present evidence.

During the hearing, Makhoul, without objection, introduced the CSA into evidence. Hamilton signed the CSA on behalf of HMI as its president, and the CSA released Makhoul from "any and all claims and causes of action" existing prior to the execution of the settlement, including the injunction dispute. The CSA also reflected that HMI was represented in the settlement negotiations by counsel. Further, Makhoul introduced a required corporate filing with the SCC showing that HMI held Hamilton out as its president and CEO. *See* Code § 13.1-635(B). "A 'principal is bound, under the doctrine of apparent authority, to the extent he holds out another as having the authority to act for him.'" *Doe ex rel. Doe v. Baker*, 299 Va. 628, 651 (2021) (quoting *Kern v. J.L. Barksdale Furniture Corp.*, 224 Va. 682, 685 (1983)). Simply because the court decided the plea in bar without the presentation of evidence by Al Jobori and HMI does not mean that the court decided the plea in bar without any evidence at all. The record shows that Makhoul produced sufficient evidence to allow the court to find that the claims were barred by the CSA, and we cannot say that the court's factual findings were plainly wrong or without evidentiary support.

## CONCLUSION

For these reasons, we affirm the court's judgment.

*Affirmed.*