**Richmond**

Donald F. Kern

v.

Freed Company, Inc.

January 21, 1983.

Record No. 800528.

Present: All the Justices.

*T. David Thelen (Eggleston & Thelen, on briefs), for appellant.*
*Roger B. Willetts (Edmunds, Willetts & Yount, on brief), for appellee.*

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Freed Company, Inc., obtained a judgment for $3,142.72 against Donald F. Kern for the sale of certain household appliances. Kern appeals, contending the trial court erred in holding he was indebted to Freed.

The pertinent facts are undisputed. On January 24, 1978, Kern, a resident of Virginia Beach, contracted with Elk Mountain Development Corporation for construction of a house at Wintergreen, in Nelson County. The contract stated that, in return for $70,600, Elk Mountain would provide a turnkey job; that is, would construct a house ready for occupancy upon completion. Under the contract, Elk Mountain was to supply major appliances for the kitchen.

On the same date, Kern contracted with Diana Courtney, an interior designer. This contract provided that Courtney would perform decorating services and purchase certain furniture and accessories for the house. Kern agreed to pay Courtney $8,400.

In October, 1978, Courtney went to Freed's store in Waynesboro. She informed the appliance manager that she was an interior designer who had been hired by Kern to furnish his Winter-

green house. She identified Kern as a dentist residing in Virginia Beach.

The next week, Courtney returned to Freed's store and purchased the appliances in question. (Kern was entitled to receive all the purchased items under his contract with either Elk Mountain or Courtney.) Courtney instructed Freed to charge the appliances to Kern, and provided his address in Virginia Beach. Freed prepared invoices in Kern's name, which Courtney signed. Subsequently, Freed checked Kern's credit rating and delivered the appliances to the Wintergreen house. Courtney later returned to the store and, following the same procedure, purchased a television.

Upon receiving a bill from Freed, Kern advised the company that Elk Mountain was responsible for the purchases and directed Freed to contact Elk Mountain's president. Unfortunately, the president left the jurisdiction without paying Freed and without completing the house. Courtney also left the jurisdiction. Kern has retained possession of the appliances, but has not paid Freed, arguing that he paid Elk Mountain and Courtney for the items as part of his obligations to them under their contracts.

It is clear Courtney did not have actual authority under her contract to pledge Kern's credit to pay for the goods. Further, Freed concedes Courtney did not have apparent authority to do so. One who deals with an agent does so at his own peril and has the duty of ascertaining the agent's authority. If the agent exceeds his authority, the principal is not bound by the agent's acts. *Seergy* v. *Morris Realty Corp.*, 138 Va. 572, 577, 121 S.E. 900, 902 (1924); *Virginian Ry. Co.* v. *Stoke*, 134 Va. 186, 192, 113 S.E. 704, 706 (1922); see also *Kern* v. *Barksdale Corp.*, 224 Va. 682, 684, 299 S.E.2d 365, 367 (1983). Here, Freed made no attempt to inquire as to the extent of Courtney's authority or whether Courtney was the agent of Kern at all. Therefore, Kern is not liable for Courtney's acts.

Conceding Courtney was not Kern's agent, Freed's only contention is that the law will imply a promise to pay for items received. Since Kern has retained the appliances, Freed concludes he has a duty to pay for them.

It is true the law will imply a promise to pay for goods received. *American Ry. Ex. Co.* v. *Downing*, 132 Va. 139, 149, 111 S.E. 265, 268 (1922); *Norfolk* v. *Norfolk County*, 120 Va. 356, 362-64, 91 S.E. 820, 821-22 (1917). However, this implied or quasi-contract is based on equitable principles. *Norfolk*, 120 Va.

at 363-64, 91 S.E. at 821-22. It rests " 'upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense of another.' " *Rinehart* v. *Pirkey*, 126 Va. 346, 351, 101 S.E. 353, 354 (1919). In the present case, Kern has not been unjustly enriched. He was obligated to pay either Elk Mountain or Courtney for the appliances and, indeed, contends he has already paid them.

Both Freed and Kern are victims of Courtney's wrongdoing. Freed, however, could have easily protected itself by determining the relationship between Courtney and Kern. Having failed to do so, it should not be allowed to shift the burden of its loss to Kern, also an innocent party, who was not unjustly enriched by keeping the items in question.

For the reasons stated, we will reverse the judgment of the trial court and enter final judgment for Kern.

*Reversed and final judgment.*