## CIRCUIT COURT OF CHESTERFIELD COUNTY

Sherwin Williams Co., Inc.

v.

Buckingham Associates et al.

January 26, 1990

Case No. (Chancery) 1583-88

By JUDGE HERBERT C. GILL, JR.

On November 17, 1989, counsel presented argument in regard to defendants' demurrer to Count III of the Amended Bill of Complaint. By Order entered November 7, 1989, Judge Gates had sustained defendants' previously filed demurrer with leave to amend Count III. Defendants Buckingham, Theobald, Terry, Kane and Hartford assert that the amended Bill fails to state facts upon which a claim of quantum meruit may succeed. The precise issue is whether the following relationship among defendants sufficiently states circumstances by which the Court may infer a promise to pay:

> Buckingham Associates, through its contract with George W. Kane, Inc., and George W. Kane, Inc., through its subcontract with M. S. SABRA, and M.S. SABRA, through its purchase orders with Sherwin Williams, requested that Sherwin Williams furnish certain paint and associated products for incorporation into the Property, with the understanding that Sherwin Williams expected payment for this material. The paint and associated products supplied by Sherwin Williams to the Property enhanced its value, thereby resulting in substantial benefit to

each of the defendants for which they have not paid Sherwin Williams.

Upon consideration of the argument presented, defendants' demurrer is overruled. Counsel for plaintiff is directed to draft an Order in accordance with this letter opinion. Answers must be filed within fifteen days from the above date.

Quantum meruit is "when one person renders services for another which are requested and accepted by him, the law creates an obligation, called an implied-in-law contract, on his part to pay a reasonable compensation, unless something in the relationship of the parties indicates otherwise." *Unidyne Corporation v. Aerolineas Argentinas and Argentine Naval Commission*, 590 F. Supp. 391 (E.D. Va. 1984); citing *Burke v. Gale*, 193 Va. 130 (1951). Although the crux of a quantum meruit claim is unjust enrichment, the plaintiff cannot recover, "unless he can show sufficient additional facts that imply a promise to pay." *Id.*, 590 F. Supp. 391 (E.D. Va. 1984); citing *Mullins v. Mingo Lime Co.*, 176 Va. 44 (1940). *See also Burke v. Gale*, 193 Va. 130 (1951).

The primary inquiry is, "whether or not any circumstances had been shown which would reasonably have led the subcontractor to believe that anyone other than the general contractor to believe, and in particular, that the landowner would pay him for his labor and materials." Annotation, Building and Construction Contracts: Right of Subcontractor Who Has Dealt Only with Primary Contractor to Recover against Property Owner in Quasi Contract, 62 ALR 3d 288, 294 (1975). Lack of privity as between the subcontractor and the landowner is not in and of itself determinative of plaintiff's right of recovery. *Id.*

Plaintiff argues that a similar scenario was presented in *School Board v. Saxon Lime Co.*, 121 Va. 594 (1917). In *Saxon Lime*, the Court upheld the jury's verdict in favor of plaintiff/materialman. Defendants distinguish *Saxon Lime*, noting that the landowner, as alleged, knowingly received the material and proceeded to complete the project itself.

A demurrer admits the truth of all material facts properly pled. *West Alexandria Properties, Inc. v. First Va. Mtg. & Real Estate Inv. Trust*, 221 Va. 134 (1980).

Under this rule, "the facts submitted are: (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged." *Duggin v. Adams*, 234 Va. 221, 223 (1987), *citing Ames v. American National Bank*, 163 Va. 137 (1934).

The complaint sufficiently alleges a claim for quantum meruit. Inferences drawn from the alleged relationship among defendants adequately support an "implied promise to pay."