## CIRCUIT COURT OF FAIRFAX COUNTY

E. E. Lyons
Construction Co.

v.

TRM Development Corp.
and Sizzler Restaurants
International, Inc.

October 21, 1991

Case No. (Law) 102901

By JUDGE ROSEMARIE ANNUNZIATA

This action is currently before the Court on the plaintiff's motion to overrule the demurrer of the defendant Sizzler Restaurants International, Inc. (hereinafter SRI). The action arose out of the construction of a restaurant on property owned by SRI. The defendant TRM Development Corp. (hereinafter TRM) entered into a contract with SRI in which TRM agreed to serve as the general contractor for the construction of a 'Sizzler' restaurant. TRM subsequently entered into a subcontract with the plaintiff, E. E. Lyons Construction Co., in which the plaintiff agreed to perform site work on the property. The plaintiff alleges that it performed the site work in accordance with the requirements of the subcontract and that neither the general contractor, TRM, nor the owner, SRI, has paid for the work and materials provided by it. The plaintiff brought this action against both defendants to recover the value of the work and materials it provided based on breach of contract and quantum meruit claims.

On March 15, 1991, defendant SRI filed a demurrer to Count III and Count IV of the plaintiff's Motion for Judgment. On August 16, 1991, the plaintiff moved this

Court to overrule the defendant SRI's demurrer, and the Court heard argument from both sides. The defendant's demurrer and the plaintiff's motion to overrule the demurrer both raise the issue of the sufficiency of the motion for judgment. For the reasons stated below, the defendant's demurrer is sustained as to Count III and overruled as to Count IV.

Count III appears to be based on allegations that SRI breached an agreement to issue all further payments to TRM by check payable jointly to TRM and the plaintiff and seeks damages for the alleged breach. The defendant SRI demurred to this count arguing, *inter alia*, that the facts alleged do not create a duty on the part of SRI to issue joint checks and that, even if a joint check agreement was made, such an agreement lacks consideration and thus does not create a contract between SRI and the plaintiff which obligates SRI to make payments to the plaintiff. In addition, the defendant argues that in light of the plaintiff's allegation that SRI has not made payment to anyone, it is impossible for SRI to have breached an agreement to issue a joint check.

Because the defendant has not alleged any facts showing that the alleged joint check agreement was supported by consideration, or that, even if a binding contract is found to exist, that the defendant breached the alleged joint check agreement resulting in the damages claimed, Count III fails to state a cause of action for breach of contract, and the defendant's demurrer to Count III is sustained.

In Count IV the plaintiff asserts a quantum meruit claim against the owner, SRI, to recover the reasonable value of the work and materials it provided under its contract with TRM. Defendant SRI contends that Virginia law does not permit a subcontractor to make a claim in quantum meruit against an owner with whom the subcontractor has no contractual relation. Despite the defendant's contention, it appears that Virginia law would allow such a claim.

Most states will allow a subcontractor to assert a quantum meruit claim against an owner with whom the subcontractor has no contractual relation provided the essential elements of quasi contract are present. *See* Annotation, *Building and Construction Contracts: Right*

*of Subcontractor Who Has Dealt Only with Primary Contractor to Recover Against the Property Owner in Quasi Contract*, 62 A.L.R.3d 288 (1975); 66 Am. Jur. 2d *Restitution and Implied Contracts* § 16 at 960 (1973). Virginia law appears to follow the majority approach and will allow recovery on a quantum meruit claim by a subcontractor against an owner with whom he lacks contractual privity provided the essential elements of quasi contract are established. *See, School Board v. Saxon Lime and Lumber Co.*, 121 Va. 594 (1917); *Kern v. Freed Company, Inc.*, 224 Va. 678 (1983); *Sherwin Williams Co. v. Buckingham Associates*, 20 Va. Cir. 83 (1990).

In Virginia three elements must be proven by the defendant in order to establish a quasi contract: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or knowledge of the benefit by the defendant; and (3) an acceptance or retention of the benefit by the defendant in circumstances which would make it inequitable for the defendant to retain the benefit without paying for its value. *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990). The plaintiff has alleged in its Motion for Judgment that a benefit was conferred to SRI. In addition, the plaintiff has alleged that SRI was aware of the benefit conferred by the plaintiff. Therefore, the Motion for Judgment sufficiently alleges the first two elements required to establish a quasi contract.

With respect to the third element, the sufficiency of the Motion for Judgment must be analyzed on two grounds. When considering this element, the court must first determine whether the owner has paid the general contractor for the services and materials provided. *See* 62 A.L.R.3d 288 (cases cited therein). If the owner has paid the general contractor, it is generally concluded that it would not be inequitable for the owner to retain the benefit of the services and materials for which he has paid. *Id.*; *Kern v. Freed Co.*, 224 Va. at 681.

If the owner has not paid the general contractor, the Court's primary inquiry is whether any circumstances have been shown which would reasonably lead the subcontractor to believe that the landowner would pay him for his labor and materials. 62 A.L.R.3d § 2 at 294; *Sherwin Williams Co. v. Buckingham Associates*, 20 Va. Cir. at 84. If such circumstances are shown, a promise on behalf

of the owner to pay for the labor and materials provided by the subcontractor is generally implied.

Upon a demurrer, as here, the truth of all material facts alleged are treated as admitted, including those facts which are expressly alleged, those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Elliot v. Shore Stop, Inc.*, 238 Va. 237 (1989). Here, the plaintiff subcontractor alleges in the Motion for Judgment that the owner, SRI, remains indebted to the general contractor, TRM. In addition, the plaintiff alleges that SRI agreed to issue joint checks to the plaintiff subcontractor and the general contractor. Inferences and implications from the facts alleged in the Motion for Judgment sufficiently set forth circumstances from which the subcontractor could reasonably have believed that the owner would pay him for his labor and materials. Therefore, for purposes of this demurrer, the third element for quasi contract has been sufficiently alleged, and I find the Motion for Judgment sufficiently states a claim for quantum meruit.

For these reasons, the defendant's demurrer is sustained as to Count III and overruled as to Count IV.