## CIRCUIT COURT OF LOUDOUN COUNTY

CTI Consultants, Inc.

    v.

Mercure Dulles, Inc., et al.

          Case No. (Chancery) 13471

CTI Consultants, Inc.

    v.

Hermes Limited Partnership et al.

          Case No. (Chancery) 13482

CTI Consultants, Inc.

    v.

Potomac Kitchens/Mercure
Limited Partnership et al.

          Case No. (Chancery) 13455

          January 23, 1992

BY JUDGE JAMES H. CHAMBLIN

    These causes are before the Court on the Demurrer of Mercure Dulles, Inc., in Chancery No. 13455 and 13471, and of Mercure Land, Inc., collectively "Mercure," to the three count Bill of Complaint in each cause. At oral argument on January 3, 1992, counsel

for CTI Consultants, Inc. ("CTI") conceded that the Demurrer as to Count I (Mechanic's Lien) and Count II (Quantum Meruit) was taken under advisement and is addressed below.

### Demurrer to Count I (Mechanic's Lien)

Mercure demurs to Count I on two grounds, as follows:

(1) that the services furnished by CTI do not constitute labor performed or materials furnished as those terms are used in the mechanic's lien statutes, and CTI is not entitled to the benefit of a lien therefore; and

(2) that CTI has not alleged that it supervised the construction of the building located on the subject property, and, therefore, is not entitled to a mechanic's lien for such services.

In Count I of each Bill of Complaint, CTI seeks to enforce a mechanic's lien claimed by it as subcontractor against certain individual lots now owned by Mercure in Mercure Business Park, Loudoun County, Virginia. Each memorandum of mechanic's lien states, in part:

1. Type of Materials or Services Furnished:
    Inspection and Testing for construction . . . .
3. Type of Structure on which work done or materials furnished:
    Warehouse/office building.

The memorandum is incorporated by reference into the Bill of Complaint. In its Bill of Complaint, CTI alleges that "[it] entered into a contract . . . with [the general contractor] whereby [it] agreed to furnish, and [the general contractor] agreed to pay for certain inspection and testing services necessary for the construction of the building located on the property," and that "pursuant to the Contract, [it] provided substantial services which were incorporated into the property."

Under § 43–3(a), a mechanic's lien is granted to all persons "performing labor or furnishing materials" for the "construction, removal, repair or improvement" of any building. Because Mercure has filed a demurrer, the issue is whether or not CTI has pleaded not only all the elements of its cause of action to enforce a mechanic's lien, but also sufficient facts constituting the cause of action. CTI has pleaded all the elements required in a bill of complaint to enforce a

mechanic's lien and has pleaded sufficient facts to support its requested relief. I cannot, on the mere basis of the allegations of the bill of complaint, conclude that "inspection and testing for construction" does not constitute "performing labor . . . for . . . construction" under § 43–3(a), especially in light of the allegations that such inspection and testing services were necessary for the construction of the building. Whether or not CTI will be able to enforce a mechanic's lien will depend on the evidence presented at trial.

For the same reasons just stated, the issue of supervision may or may not be a determinative factor at trial, but a failure to allege that CTI supervised the construction of the building is not a ground for sustaining Mercure's Demurrer.

The Demurrer to Count I is overruled.

### Demurrer to Count II (Quantum Meruit)

Mercure asserts that Count II fails to allege a cause of action in *quantum meruit* by a subcontractor against an owner of property with whom the subcontractor has no contractual relation or agreement. Count II essentially alleges (1) that CTI supplied certain testing and inspection services which were incorporated into the property at the request of the general contractor (Windsor Development Company), (2) that CTI conferred a substantial benefit upon Mercure for which CTI is entitled to be compensated, and (3) that absent payment to CTI for such services, Mercure would be unjustly enriched by virtue of the performance by CTI of such services.

After a review of the authorities cited by counsel, I feel that Judge Rosemarie Annunziata correctly set forth the three elements of a quasi contract in her opinion in *E.E. Lyons Construction Co. v. TRM Development Corp., et al.*, 25 Va. Cir. 352 (1991), as follows:

(1) a benefit conferred upon the defendant by the plaintiff;
(2) an appreciation or knowledge of the benefit by the defendant; and (3) an acceptance or retention of the benefit by the defendant in circumstances which would make it inequitable for the defendant to retain the benefit without paying for its value.

In this case, CTI has pleaded the first element but did not the second or third element.

The Demurrer to Count II is sustained.

*Decree*

The decree shall grant CTI leave to replead if it be so advised.