## CIRCUIT COURT OF FAIRFAX COUNTY

Cummins Atlantic, Inc.

v.

G. H. Glover, Inc.

June 15, 1992

Case No. (Law) 112346

BY JUDGE J. HOWE BROWN

This matter is before the Court on defendant's demurrer to the amended motion for judgment in the above-referenced case. After hearing oral argument, the Court took the matter under advisement to consider the issues raised. As set forth more fully below, the Court sustains in part and overrules in part the demurrer.

### I. *Unjust Enrichment*

Where one is obligated by an express contract to pay for a benefit he receives, and has in fact paid, he is not liable for that benefit to another party under a theory of unjust enrichment. *See generally, Kern v. Freed Co.*, 224 Va. 678 (1983). In *Kern*, the Court noted:

> It is true the law will imply a promise to pay for goods received. However, this implied or quasi-contract is based on equitable principles. It rests "upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense of another." In the present case, Kern has not been unjustly enriched. He was obligated to pay either [of the two parties with whom he contracted] for the appliances, and, indeed contends he has already paid them.

*Id.* at 680–81 (citations omitted). The Court concluded that both Kern and Freed were victims of the contractor's wrongdoing but that

Freed should not be allowed to shift the burden of its loss to Kern, also an innocent party, who was not unjustly enriched by keeping the items in question since he was already obligated to pay for them. *See, id.* at 681.

Glover first argues on demurrer that Count I fails to state a cause of action for unjust enrichment because the facts alleged do not support the claim of enrichment. It appears from the amended motion for judgment that Glover, the general contractor, paid out the full amount which it was obligated to pay on its subcontract with Mellott. Therefore, the pleading on its face fails to support the claim of unjust enrichment, and the demurrer is sustained on this ground.

The case cited by Cummins Atlantic for support of its position that quantum meruit is a valid cause of action in a Miller Act case does not affect the Court's finding here. The court in that instance only ruled that a claim under the Miller Act is not an exclusive remedy; hence, a claim for a personal judgment against the general contractor under the theory of unjust enrichment may be made. *See, United States, etc. v. Ins. Co. of North America*, 695 F.2d 455, 458 (10th Cir. 1982). Indeed, that court acknowledged that under New Mexico law, which it was following, "a subcontractor who has lost his mechanic's lien claim against a property owner may have a claim in quantum meruit where the owner *has not paid* the general contractor." *Id.* (Emphasis added). The court expressly noted in a footnote that New Mexico law would deny recovery under quantum meruit against a property owner who had paid the contractor. *Id.* at 458 n. 7.

## II. *Estoppel*

When one has lulled another into inaction to his detriment, the latter may invoke estoppel against the former. *Lataif v. Conn. Indust. Const., Inc.*, 223 Va. 59, 64 (1982) (citing *City of Bedford v. James Leffel & Co.*, 558 F.2d 216 (4th Cir. 1977)). Hence the doctrine of equitable estoppel may preclude a defendant from raising the expiration of the statute of limitations as a defense, where, for instance, the defendant's assurances led the injured party to reasonably believe that it will receive satisfaction without resort to litigation. *See, City of Bedford*, 558 F.2d at 217–18.

Glover demurs to Count II on the ground that Cummins Atlantic has failed to allege a representation or concealment of a material fact, one of the necessary elements to support a claim of estoppel.

*See, Boykins Corp. v. Weldon*, 221 Va. 81, 86 (1990). It is alleged in the amended motion for judgment, however, that Glover gave Cummins Atlantic certain assurances of help in receiving payment from Mellott. Whether these assurances are sufficient to support a claim of estoppel is a matter of proof for the trier of fact. *See, e.g., Beverage v. Harvey*, 602 F.2d 657 (4th Cir. 1979) (plaintiff failed to establish that conduct of defendant's insurer estopped defendant from asserting defense of statute of limitations); *Luddeke v. Amana Refrigeration*, 239 Va. 203, 208 (1990) (fact finder was not plainly wrong in ruling that defendants' action in leading plaintiff to believe the problem was being taken care of was insufficient to show estoppel). The demurrer to Count II is therefore overruled on the basis that it is a question of fact whether the assurances made are sufficient to support a claim of estoppel.

The demurrer to Count I on the ground that there is alleged no unjust enrichment is sustained without leave to amend. The demurrer to Count II on the ground that there is an insufficient allegation of a representation or concealment of a material fact is overruled.