## CIRCUIT COURT OF FREDERICK COUNTY

Moore's Lumber
& Building Supplies, Inc.

v.

Eastridge Homes et al.

April 13, 1994

Case Nos. (Chancery) 42–458 and 42–459

BY JUDGE JAMES L. BERRY

These matters are before the Court for decision on Eastridge's Plea in Bar to Duckworth's Amended Cross-Bill and Greater Atlantic's and Clark's § 43–17.1 Petition, both of which present the same question for decision, as well as on Greater Atlantic's and Clark's Demurrer to Count II of Duckworth's Amended Cross-Bill sounding in *quantum meruit*.

Having given due consideration to the necessary party analyses developed in *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43 (1986), *Mendenhall v. Douglas L. Cooper, Inc.*, 239 Va. 71 (1990), and *James T. Bush Construction Co. v. Patel*, 243 Va. 84 (1992), and having fully considered the argument, memoranda and pleadings supporting the Eastridge Demurrer and the § 43–17.1 Petition, it is the opinion of the Court that said Demurrer and Petition be denied.

Movants complain that Duckworth failed to include a necessary party in his Amended Cross-Bill, being a judgment creditor who docketed his judgment twenty-five minutes before the Amended Cross-Bill was filed. For purposes of determining necessary parties, Duckworth's Amended Cross-Bill to enforce his mechanic's lien relates back to

December 23, 1992.[1] The January 28, 1993, amendment merely added a party before the expiration of his six months. At the time Lewin-Yount docketed its judgment, it was on constructive notice of Duckworth's Memorandum of Mechanics Lien and also of his Cross-Bill to enforce and was able to take whatever action it deemed necessary to protect its interest.

The court will, however, sustain the Demurer of Greater Atlantic and Clark to Count II of Duckworth's Amended Cross-Bill on the authority of *E. E. Lyons Construction Co. v. TRM Development Corp.*, 25 Va. Cir. 352 (1991), and *CTI Consultants, Inc. v. Mercure Dulles, Inc.*, 26 Va. Cir. 257 (1992), with leave to Duckworth to amend said Count within two weeks of the entry of the order, if he be so advised.

---

[1] The original bill of complaint was filed on November 30, 1992; defendant Duckworth's Cross-Bill to enforce his mechanic's lien was filed on December 23, 1992; his Amended Cross-Bill was filed on January 28, 1993; Lewin-Yount Garage Door Co. was not a party to the Amended Cross-Bill. [Reporter's note supplied by James R. Hart, Esq., one of the counsel of record.]