## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Shen Valley Masonry, Inc.

v.

S. P. Cahill & Associates, Inc., et al.

July 31, 2000

Case No. (Law) 00-75

BY JUDGE EDWARD L. HOGSHIRE

In this breach of contract case, Defendant, The Rector and Visitors of the University of Virginia (UVA), has filed a Demurrer and Plea for Sovereign Immunity. For the reasons articulated below, the Court concludes that UVA's Demurrer and Plea for Sovereign Immunity should be granted.

*Statement of Facts*

The pleadings allege that on March 17, 1999, UVA entered into a contract with the Defendant, S. P. Cahill & Associates, Inc. (Cahill), to construct a student residence facility at the University. On April 9, 1999, Cahill entered into a contract with the Plaintiff, Shen Valley Masonry, Inc. (Shen Valley), to furnish labor, materials, equipment, and masonry services for the student residence construction project. From June 1, 1999, to January 6, 2000, Shen Valley furnished material and masonry services. On January 6, 2000, Cahill terminated the contract with Shen Valley. Shen Valley submitted Application and Certificate for Payment documents to Cahill for masonry work performed in the months from June 1999 through January 2000. Shen Valley received payment from Cahill for the work performed from June through October 1999. Shen Valley claims that Cahill then decreased the progress payment request submitted by Shen Valley for the month of October 1999 and refused to submit the full amount requested to UVA. Shen Valley further claims that

Cahill has refused to pay Shen Valley the amounts requested for the work performed from November through January 6, 2000. Shen Valley also claims that UVA is holding money owing and due to them for the work done from the months of November through January.

*Discussion*

A. *Plaintiff's Quantum Meruit Claim*

Shen Valley's case against UVA currently consists of a single claim based on the equitable doctrine of *quantum meruit*. (Motion for Judgment, Count II.[1]) In *Unidyne Corp. v. Aerolineas Argentinas*, 590 F. Supp. 391, 397 (E.D. Va. 1984), the court outlined the foundations of the doctrine of *quantum meruit*:

> Ordinarily, when one person renders services for another which are requested and accepted by him, the law creates an obligation, called an implied-in-law contract, on his part to pay a reasonable compensation, unless something in the relationship of the parties indicates otherwise. *Id.* (citing *Burke v. Gale*, 193 Va. 130 (1951)). The crux of a *quantum meruit* cause of action lies in the unjust enrichment of one party. *Id.* (citing *Kern v. Freed Co.*, 224 Va. 678 (1983)). . . . [E]ven though the defendant may have benefitted from the plaintiff's services, the latter cannot recover unless he can show sufficient additional facts that imply a promise to pay. *Id.* (citing *Mullins v. Mango Lime Co.*, 176 Va. 44 (1940)).

UVA was not a party to the subcontract between Cahill and Shen Valley. It is clear from the Prime Contract between UVA and Shen Valley that UVA only contracted with Cahill:

> Nothing in the Contract Documents shall create any contractual relationship between Owner . . . and any such Subcontractor, Supplier or other person or organization, nor shall it create any obligation on

---

[1] In their Memorandum in Opposition to Demurrer and Plea of Sovereign Immunity, p. 3, n. 1, Plaintiff concedes that its two legal claims, Breach of Contract (Count I) and Payment Bond and Statutory Remedy (Count III), "are inapplicable to the University" and/or "unavailable to the Plaintiff." Consequently, Plaintiff requested leave to amend the motion for judgment to dismiss UVA from Counts I and III.

the part of Owner . . . to pay for or to see to the payment of any moneys due any such Subcontractor, Supplier or other person or organization, except as may otherwise be required by law.

Demurrer and Plea for Sovereign Immunity, Exhibit 1, General Conditions, ¶ 9(d). As Shen Valley admits in its Motion for Judgment, ¶ 7, the prime contract between Cahill and UVA is incorporated by reference into the subcontract between Cahill and Shen Valley. Thus Shen Valley's claim against UVA is necessarily barred by the prime contract between Cahill and UVA.

The Court finds that Shen Valley does not meet the requisite elements to support a *quantum meruit* cause of action. In no way could the terms of Cahill's contract with UVA nor the terms of Cahill's contract with Shen Valley reasonably have led Shen Valley to believe that anyone other than Cahill, and in particular, that UVA would pay them for their labor or materials. *See generally* Annotation, *Building and Construction Contracts: Right of Subcontractor Who Has Dealt Only with Primary Contractor to Recover against Property Owner in Quasi-Contract*, 62 A.L.R. 3d 288, 294 (1975). UVA clearly did not imply a promise to pay to Shen Valley, nor did UVA benefit from unjust enrichment; Shen Valley does not dispute that UVA paid Cahill for all amounts submitted on behalf of Shen Valley. *See* letters referenced in Motion for Judgment ¶ 14 (attached collectively to Demurrer and Plea for Sovereign Immunity, Exhibit 2).

In reviewing a decree sustaining a demurrer, all facts alleged in the Bill of Complaint are considered true. *See West Alexandria Properties, Inc. v. First Va. Mtg. & Real Estate Inv. Trust*, 221 Va. 134 (1980). Even considering all the facts of Shen Valley's Motion for Judgment to be true, the prime contract as well as the subcontract bar Shen Valley from recovering against UVA under the *quantum meruit* theory.

B. *Defendant UVA's Plea for Sovereign Immunity*

UVA is entitled to sovereign immunity absent an express statutory waiver. *See, e.g., Elizabeth River Tunnel Dist. v. Beecher*, 202 Va. 452, 457 (1961). The waiver of sovereign immunity is conditioned upon compliance with certain statutory requirements. *See* Va. Code Ann. §§ 2.1-223.1 *et seq.* and 8.01-192. The claim must first be presented to the "head of the department, division, institution or agency of the Commonwealth responsible for the alleged act or omission which, if proved, gives rise to such a claim." Va. Code Ann. § 2.1-223.1. The agency head then must examine the claim, and if appropriate, forward it to the Comptroller of the Commonwealth for payment.

*See* Va. Code Ann. § 2.1-223.3. Only if the agency head and/or the Comptroller disallows the claim may the party bring suit in "an appropriate circuit court." Va. Code Ann. § 8.01-192.

Shen Valley has not met the statutory requirements to assert a quasi-contract claim against the Commonwealth. The letter sent to Richard Dickman on January 5, 2000, does not constitute notice of a pecuniary claim against the University. Mr. Dickman is not the "head of the department, division, institution or agency of the Commonwealth responsible for the alleged act or omission which, if proved, gives rise to such claim." Va. Code Ann. § 2.1-223.1. Moreover, this letter sent to Mr. Dickman noted "concerns" Shen Valley had with respect to payment from Cahill, but did not assert a claim against UVA. *See* Demurrer and Plea for Sovereign Immunity, Exhibit 4. Mr. Dickman's response did not disallow any claim Shen Valley might have had. *See* Memorandum in Opposition to UVA's Demurrer and Plea for Sovereign Immunity, Exhibit B. His letter indicated only that UVA intended to discuss with Cahill any payments due Shen Valley in accordance with the contract. *See id.* Plaintiff has thus failed to meet the necessary statutory prerequisites for a contractual claim against the Commonwealth or its agencies; consequently, Plaintiff's claim against UVA is barred by the doctrine of sovereign immunity.

## Conclusion

In conclusion, the Court finds that Plaintiff's Motion for Judgment fails to state facts upon which the relief demanded may be granted. The Court sustains UVA's Demurrer on these grounds and also finds that Plaintiff's suit is barred by the doctrine of sovereign immunity. The Court dismisses UVA from this action with prejudice.