# CIRCUIT COURT OF LANCASTER COUNTY

Connemara Corporation

    v.

St. Andrews, L.L.C.,
and the Bank of Northumberland

November 27, 2006

Case No. CH04000048-00

BY JUDGE H. HARRISON BRAXTON, JR.

The Court heard demurrer argument on November 16, 2006, and took the matter under advisement.

In 2001, the Bank of Northumberland opened a "Line of Credit" loan with St. Andrews, L.L.C., and secured the Line of Credit with a $350,000.00 Deed of Trust on 5.1 acres, existing or subsequently erected buildings, and appurtenances thereto. This was a straightforward business transaction. By agreement, a previous deed of trust held by Mr. and Mrs. Schillinger was subordinated to this Deed of Trust as was another Deed of Trust securing the Small Business Administration recorded in February 2003.

In September 2003, part of the property was damaged by hurricane Isabel. St. Andrews contracted with Connemara to do certain construction work following this. The pleadings are unclear as to how much of this work was repair and how much was improvement. There is no allegation that the Bank of Northumberland had any part in this contract other than to be aware that repairs were being made. Connemara filed a lien for its work on May 28, 2004, but failed to perfect this lien. St. Andrews failed to pay this debt to Connemara and defaulted on their secured Line of Credit agreement with the Bank of Northumberland. The Bank of Northumberland exercised its right of foreclosure on March 17, 2005.

Connemara failed to perfect its mechanic's lien against the property for construction work and now seeks to recover its losses from St. Andrews on a theory of contract and from the Bank of Northumberland on the theory of "unjust enrichment." This demurrer pertains to the "unjust enrichment" claim only.

The Bank of Northumberland filed the demurrer. Do the allegations state a case upon which relief may be granted?

Plaintiff having failed to perfect a mechanic's lien now seeks an equitable remedy under the theory of "unjust enrichment." Plaintiff claims that, under *Nossen v. Hoy*, 750 F. Supp. 740, 744-55 (E.D. Va. 1990), certain equitable principles apply. In order to allow this case to proceed, the Court, accepting the pleadings as true, must allow a party, who has slept on his rights at law to proceed in equity against another party who has been diligent. There are no allegations of fraud on the part of The Bank of Northumberland. Virginia Code § 43-21, as amended, which would have determined priorities under a perfected lien, was not argued, but is noted.

Without a valid mechanic's lien the builder, Connemara, has no security interest in the property. The Bank of Northumberland had a valid security interest upon which they have foreclosed. If the Court were to accept plaintiff's theory, the Court would, by necessity, legislate another level of liens not authorized by the General Assembly. The Court is unwilling to do this. "Equity aids the vigilant." *Chesapeake & Ohio Ry. v. Willis*, 200 Va. 299, 306, 105 S.E.2d 833 (1958).

The Court notes that any priority that Connemara may attempt to claim under a properly perfected lien would be lost without this lien. Nevertheless, priority under Virginia Code § 43-21 for repair and improvements would appear to favor The Bank of Northumberland and other prior encumbrances of record. Accordingly, plaintiff seeks to put itself in better position on an unsecured debt by pleading "unjust enrichment" than it would have with a valid mechanic's lien.

There were at least two additional, superior deeds of trust (securing $534,000.00) recorded on this property before Connemara's work began. "There being conflicting equities, equitable incumbrances [sic] must be paid according to priority of time." *Valley Bank v. Banking Co.*, 151 Va. 446, 145 S.E. 432 (1928).

While the Court accepts the reasoning set forth in *Peerless Packing Co. v. Malone & Hyde, Inc.*, 376 S.E. 2d 161 (W. Va. 1988), as far as unsecured creditors are concerned, the Court finds that Connemara's failure to perfect what may have been a valid lien is far more careless than the claims of the unsecured creditors in *Peerless*.

Although the Court is sustaining this demurrer on Connemara's failure to act with diligence on its mechanic's lien, the principles set forth in *Peerless* would apply. The Lancaster Courthouse was open for business throughout this period of time, and, Connemara had ample opportunity to review the records of the Clerk's Office for liens on the St. Andrews property. Connemara had ample opportunity to draw a contract prior to construction, including the three lienholders along with St. Andrews, giving Connemara recorded priority up to a certain amount. Connemara had the opportunity to make sure that they were included as payee on any insurance check applicable to the work that they were to do. If there were funds available in the line of credit with St. Andrews, at the Bank of Northumberland, a portion of that line of credit could have been earmarked by agreement of Connemara, St. Andrews, and The Bank of Northumberland. The Court cannot put Connemara in a superior position in equity than it would have been in law.

The Demurrer upon the Second Amended Complaint is sustained. The suit against Bank of Northumberland, the holder of a superior security interest, is dismissed with prejudice.