# CIRCUIT COURT OF FAIRFAX COUNTY

Shin & Associates, L.L.C.

v.

Oasis Business Consulting, Inc.

June 11, 2007

Case No. CH-2005-5508

BY JUDGE STANLEY P. KLEIN

The parties were before the court for a bench trial on March 28, 2007. At trial, plaintiff, Shin & Associates, L.L.C., contended that the defendant, Oasis Business Consulting, Inc., had been unjustly enriched by sums paid to Oasis by Shin & Associates at the settlement of the sale of a restaurant. Alternatively, based upon a theory of unilateral mistake, Shin & Associates claimed that it was entitled to recover the sums paid to Oasis. For the reasons set out below, the court finds (1) that Oasis was not unjustly enriched by retaining payment of the monies paid at settlement and (2) that Shin & Associates' theory of unilateral mistake is inapplicable to the factual situation presented herein.

## I. *Background*

On September 20, 2005, Choi Ki Dong, ("Buyer") entered into an agreement to purchase all of the stock of Petra, Inc. (d/b/a Big Al's Pizza & Subs) from Mary Bartram Al-Fakhri, ("Seller"). Neither Choi Ki Dong, Mary Bartram Al-Fakhri, nor Petra, Inc., are parties to the matter pending before this court. Shin & Associates was the broker and settlement agent of Buyer, and

Oasis served as the broker for Seller. At the time of the settlement on November 8, 2005, the Buyer and Seller executed the following documents: (1) Stock Purchase Agreement, (2) Acceptance and Authorization to Settle, (3) Assignment of Funds, (4) Bill of Sale, and (5) Covenant Not to Compete. The Acceptance and Authorization to Settle provided, "Purchaser and Seller authorize the attorney who is disbursing the settlement proceeds to disburse said proceeds in accordance with the Settlement Sheet signed at the time of the Settlement." All parties agree that Jinny Shin, managing partner of Shin & Associates, was the attorney who was disbursing the settlement proceeds. It is also uncontested that none of the above listed documents included a funding precondition.

In order to fund the transaction, Buyer applied for and received a loan from a bank. At the time of settlement, the bank had authorized the transaction to proceed to closing and the relevant documents had been delivered to the bank. Shin testified at trial that, at closing, she issued two checks totaling $100,000 in the amounts of $25,000 and $75,000, from her escrow account to Oasis. The former check was for Oasis' commission arising out of the transaction and the latter was pursuant to an Assignment of Funds from Choi to Oasis. No question was raised at trial as to the entitlement of Oasis to these funds if the settlement was effected. Shin further testified that, due to the nature of the funding from the bank, it was the understanding of all the parties that the checks would not be negotiated or cashed until the following business day.

Three days after the settlement and two days after the checks were to be negotiated, Shin received word that the funding from the bank had been cancelled upon the unilateral request of her client, without any legal justification. The whereabouts of Buyer since that time have been unknown. Shin then attempted to stop payment on the checks; however, Oasis had already negotiated the checks and refused to return the $100,000 to Shin.

Shin & Associates then filed suit in Fairfax County Circuit Court on December 6, 2005, alleging causes of action for: (1) Restitution, (2) Constructive Trust, and (3) Breach of Contract. On the day of trial, the plaintiff requested, and was granted, a voluntary nonsuit with respect to the constructive trust and breach of contract claims. At the conclusion of the presentation of the evidence at trial, the plaintiff orally moved to amend its Bill of Complaint to conform to the evidence. Therefore, the remaining claims before the court are premised on theories of (1) unjust enrichment and, alternatively, (2) unilateral mistake.

## II. *Analysis*

### A. *Unjust Enrichment*

Unjust enrichment is recognized in Virginia under the equitable principle that "a man shall not be allowed to enrich himself unjustly at the expense of another." *Kern v. Freed Co.*, 224 Va. 678, 680, 299 S.E.2d 363, 365 (1983). In *Central National Bank of Richmond v. First and Merchants National Bank of Richmond*, 171 Va. 289, 198 S.E. 883 (1938), the Supreme Court of Virginia, enunciated that, "when money has been paid under a mistake of fact, it cannot be recovered where such payment has been made for value or has caused a change in the position of the payee and the payee has not been guilty of tortious conduct in receiving, retaining, or disposing of the money." *Id*. Indeed, the *Central National Bank* Court further held:

> The principle upon which a right of recovery is based, in the case of money paid by mistake of fact, is well settled. The right of recovery, where it exists, is based upon the promise to return the money which the law implies, irrespective of any actual promise, and even against the refusal to make it, whenever the circumstances are such that *ex aequo et bono* the money should be paid back, *but in such cases only*.

*Id*. (emphasis added).

At trial, however, Shin & Associates failed to present any evidence supportive of an unjust enrichment claim against Oasis. To the contrary, Shin & Associates claim, in reality, is solely based upon a theory of inequitable *detriment* to Shin because she authorized negotiation of her escrow account checks to Oasis before assuring that the lending bank had funded the loan. The testimony of Shin, Peter Park, an employee of Oasis, and Howard Birmiel, Seller's attorney, established that both Seller and Oasis acted in good faith and had fully performed their obligations under the terms of the contracts between Buyer and Seller and Oasis had executed all necessary documents at settlement, including the transfer of Seller's stock certificates in Petra, Inc., to Buyer. Therefore, value most certainly had been received by Buyer. Further, there was no evidence adduced at trial to show Oasis acted tortiously in securing payment of the $100,000. On the contrary, the uncontroverted testimony at trial proved that Oasis honored Shin's request that the checks not be negotiated until the following business day. The lack of post-settlement funding from the bank did not result from any failure to act on the part of

Seller, but rather solely from the actions of Shin & Associates' client, Buyer. Thus, Shin and Associates has failed to establish a basis for recovery against Oasis under an unjust enrichment theory.

## B. *Unilateral Mistake*

Shin & Associates' fallback theory of unilateral mistake is equally unavailing. In *Langman v. Alumni Assn. of the Univ. of Va.*, 247 Va. 491, 442 S.E.2d 669 (1994), the Supreme Court of Virginia unequivocally rejected unilateral mistake as a basis of recovery under a contract, holding "[a] contract may be reformed or rescinded in equity on the ground of mutual mistake. *The mistake must be common to both parties. A unilateral mistake will not invalidate a contract.*" *Id.* at 503, 442 S.E.2d 677 (emphasis added) (internal citations omitted).

As a result, Shin & Associates' alternative basis for recovery, unilateral mistake, fails for multiple reasons. The plaintiff has argued that Shin & Associates should be released from its contractual obligations due to its unilateral mistake, but this argument presupposes there was an enforceable contract between Shin & Associates and Oasis. This is simply not the case. Shin & Associates was contractually situated as an agent of Buyer, and Oasis was similarly situated to act as an agent for Seller. None of the documents executed at settlement and offered into evidence at trial established any contractual relationship between Oasis and Shin & Associates.

Moreover, even if a contractual or quasi-contractual relationship had existed between Shin & Associates and Oasis, from the testimony and evidence adduced at trial, it is clear that the only mistake made was Shin's decision to tender her escrow checks to Oasis without first assuring that the funds from the lender had indeed been placed in her escrow account. Such a *unilateral* mistake by Shin cannot form the basis for a recovery of sums due and payable to Oasis. See *Langman*, 247 Va. 491, 442 S.E.2d 669 (1994).

## III. *Conclusion*

Shin & Associates has failed through the evidence adduced at trial to prove either (1) that Oasis was unjustly enriched or (2) that Shin's unilateral mistake of fact dictates the return of the monies paid to Oasis. Both Seller and Oasis had fully performed their obligations to Shin's principal, Buyer. The checks for $100,000, written on Shin's trust account, although perhaps prematurely tendered because Shin had not assured that the loan proceeds from the bank had been deposited into her escrow account, were paid to

Seller's agent, Oasis, only after execution of all the settlement documents and delivery of the stock certificates. Any mistake made was solely the mistake of Shin & Associates and, as such, constitutes only a unilateral mistake, providing no basis for recovery under Virginia law. As a result, the court, finds the plaintiff has failed to prove any cause of action warranting any recovery of the sums sought. Accordingly, the court grants judgment for the defendant, Oasis.