## CIRCUIT COURT OF ROCKINGHAM COUNTY

Rockingham Redi Mix, Inc.

v.

Jennings Shifflett

February 17, 2010

Case No. CL09-000444

BY JUDGE JAMES V. LANE

This matter came before the Court on February 12, 2010, for a bench trial, on a *de novo* appeal from General District Court. Having reviewed the evidence and the applicable law, the Court finds in favor of the Defendant, Jennings Shifflett.

Plaintiff Rockingham Redi Mix ("RRM") alleged that it entered into a contract with Ronnie Tucker, a tenant of Mr. Shifflett, to pour concrete for the construction of a dog kennel located on property owned by Mr. Shifflett. RRM offered into evidence two invoices dated July 19, 2007 showing Ronnie Tucker as recipient of a total of fifteen cubic yards of concrete from RRM. (Ex. A and B.) RRM also showed that Mr. Shifflett ordered six cubic yards of concrete from Superior Concrete by invoice dated August 15, 2007. (Ex. E.) In a letter dated September 25, 2008, RRM's counsel sent a letter to Mr. Shifflett stating, in part: "It has been brought to our attention that you are the owner of the property … where my client delivered concrete which was poured on July 19, 2007. Ronnie Tucker was originally billed for this, but has since told us that this was your property and it was done at your behest." (Pl. Ex. C.) Mr. Shifflett testified that he did not order the concrete from RRM or know anything about it. Ronnie Tucker, whose current whereabouts are believed to be North Carolina, did not testify at trial.

RRM asks this Court to exercise its powers in equity and order Mr. Shifflett to pay for the benefit conferred upon him as landowner. Under well-established principles of equity, RRM must satisfy three elements for a claim of *quantum meruit*: (1) a benefit conferred on Mr. Shifflett by RRM; (2) knowledge on the part of Mr. Shifflett of the conferring of the benefit; and (3) acceptance or retention of the benefit by Mr. Shifflett in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value. *E.g., Centex Const. v. Acstar Ins. Co.,* 448 F. Supp. 2d 697, 707 (E.D. Va. 2006). RRM must establish the elements of *quantum meruit* by a preponderance of the evidence. *Nedrich v. Jones,* 245 Va. 465 (1993).

RRM has satisfied the first of these elements, as the completion of the concrete pouring for the dog kennel completed that project, conferring a benefit on Mr. Shifflett. However, RRM has not satisfied the second element of its *quantum meruit* claim. RRM has not established by a preponderance of the evidence that Mr. Shifflett knew that RRM would perform the concrete work. The evidence of his knowledge came only from the hearsay statement of Ronnie Tucker.

Furthermore, RRM has not satisfied the third and more difficult element, which Virginia courts evaluate with the following test:

> whether or not any circumstances had been shown which would reasonably have led the subcontractor to believe that anyone other than the general contractor and in particular, that the landowner would pay him for his labor and materials.

*Sherwin Williams Co. v. Buckingham Associates,* 20 Va. Cir. 83, 84 (Chesterfield 1990) (quoting 62 A.L.R. 3d 288, 294 (1975)). For example, a subcontractor can reasonably believe he will be paid where the landowner has already paid the general contractor (or here, the tenant) for the work. *E. E. Lyons Const. Co. v. TRM Dev. Corp.,* 25 Va. Cir. 352 (Fairfax 1991). While RRM could see that prior concrete work had already been performed, it did not have a basis to reasonably believe that Mr. Shifflett, or anyone other than the tenant, would pay for the new concrete work. In fact, RRM did not know that Mr. Shifflett was connected to the land until after it poured the concrete for Ronnie Tucker. (Ex. C.)

Finally, RRM seeks recovery by constructive trust, which can be imposed on property acquired by improper means, or where it would be contrary to the principles of equity that it should be retained. The evidence required to prove a constructive trust must be clear and convincing, *i.e.,*

more than a mere preponderance. *Sutton v. Sutton*, 194 Va. 179, 185 (1952). RRM has raised a cloud of suspicion regarding the purchase of concrete at issue here. Particularly, RRM has shown that Mr. Shifflett purchased concrete from Superior to complete the project a month after this transaction. The later purchase from Superior corroborates the hearsay of Ronnie Tucker that the RRM order was done at Mr. Shifflett's behest, that the dog-kennel project was Mr. Shifflett's. However, this proof is not sufficient under the heightened clear and convincing standard for the imposition of a constructive trust.

Accordingly, the Court finds for the defendant, Mr. Shifflett.