# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Gutterman Iron
and Metal Corp.

v.

Figg Bridge
Developers, L.L.C.

March 1, 2011

Case No. (Civil) CL10-2455

BY JUDGE JOHN W. BROWN

This is a case about the removal and disposal of the Jordan Bridge. The matter is now before the Court on the defendant's demurrer to the plaintiff's complaint. The Court has considered the defendant's demurrer, the plaintiff's brief in response to the defendant's demurrer, defendant's brief in support of its demurrer, and the arguments of counsel in court on February 16, 2011. For the reasons set forth herein, the Court is of the opinion that defendant's demurrer should be overruled.

## I. *Factual Background*

The defendant, Figg Bridge Developers, L.L.C. ("Figg"), purchased the Jordan Bridge, which carried State Route 337 across the Southern Branch of the Elizabeth River, from the City of Chesapeake in 2009. In March of that year, Figg entered into an agreement with Delta Demolition Group, L.L.C. ("Delta") to demolish and remove certain parts of the Jordan Bridge. Delta entered into an agreement with the plaintiff, Gutterman Iron and Metal Corporation ("GIMC"), in April 2009 for GIMC to provide money and services for the demolition of the Jordan Bridge.

In conjunction with the demolition of the Jordan Bridge, GIMC incurred expenses in the amount of $73,810.27, and advanced $200,000 to Delta for use in the demolition. Delta thereafter advised Figg that subcontractors, including GIMC were owed money on the Jordan Bridge demolition. Delta did not pay these subcontractors and was removed from

the job by Figg in September 2009. GIMC subsequently demanded payment from Figg by letter of October 14, 2009.

Plaintiff alleges that the $73,810.27 spent conferred a benefit on Figg, which was accepted and received by Figg, thereby entitling GIMC to reasonable compensation for the sums expended. Therefore, in its sole count seeking quantum meruit recovery, plaintiff maintains that it would be inequitable to allow Figg to retain the benefit of the expenses incurred by GIMC without recompense, thereby unjustly enriching Figg.

## II. *Demurrer Standard*

In considering the defendant's demurrer, this Court exercises review pursuant to familiar principles of Virginia law.

On demurrer, the court examines the legal sufficiency of the facts alleged in the pleadings and the attachments thereto, not the strength of proof. *See, e.g., Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Consequently, all facts alleged in the complaint and those "reasonably and fairly implied" from the allegations are admitted as true by the demurrer. *E.g., Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006); *Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 102, 540 S.E.2d 134, 136–37 (2001) (citation omitted). It is simply unnecessary for the complaint to delve into detailed statements of proof to survive a demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). The court may additionally examine any exhibits attached to the complaint. *See, e.g., id.* (citing *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)).

In sum, at the demurrer stage, the trial court is making a bare sufficiency determination, and must take care to not "incorrectly short-circuit[] litigation pretrial." *E.g., id.* (citing *Renner v. Stafford*, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993)).

## III. *Sufficiency of Plaintiff's Quantum Meruit Count*

Preliminarily, it is worth noting that, at oral argument, counsel for both parties agreed that the case of *E. E. Lyons Constr. Co. v. TRM Dev. Corp.*, 25 Va. Cir. 352 (1991) (Fairfax County) is most relevant in resolving the demurrer to the complaint in the case at bar. The Court agrees with this assessment.

### A. *Quantum Meruit Recovery in the Subcontractor–Owner Context*

Virginia certainly recognizes claims for quantum meruit recovery based upon an implied contract between the parties. *See, e.g., Marine Dev.*

*Corp. v. Rodak*, 225 Va. 137, 140, 300 S.E.2d 763, 765 (1983); *Kern v. Freed Co.*, 224 Va. 678, 380–81, 299 S.E.2d 363, 364–65 (1983) (citations omitted). However, the Court must determine whether a quantum meruit claim brought by a subcontractor against a property owner is cognizable where the only contracts governing the subject matter are between (1) the subcontractor and the general contractor and (2) the general contractor and the property owner.

In its demurrer and on brief, defendant extensively argues that a claim for quantum meruit recovery is not cognizable where there is an express contract governing the subject matter of the claim. In making such argument, defendant largely relies upon *Southern Biscuit Co. v. Lloyd*, 174 Va. 299, 6 S.E.2d 601 (1940). However, *Southern Biscuit* is principally inapposite, as that case did not address the subcontractor/owner situation present in the case at bar; *Southern Biscuit* merely involved an express contract between the parties themselves. *Id.* at 311, 6 S.E.2d at 606; *see also Ellis & Myers Lumber Co. v. Hubbard*, 123 Va. 481, 502, 96 S.E. 754, 760 (1918) ("It is only in the absence of an express or of an enforceable contract *between parties*, that the law (whether at law or in equity) will, from circumstances, imply a contract between them.") (emphasis added). While a few courts, as defendant recognizes, have extended the reasoning of *Southern Biscuit* to find that the existence of any express contract governing the subject matter bars quantum meruit recovery,[1] this Court rejects such a prohibition in light of the weight of well-reasoned precedents in this Commonwealth, as well as the equities responsible for the creation of quantum meruit recovery.

A survey of Virginia cases indicates that the subcontractor may recover from the owner upon a claim of quantum meruit in such an instance. In a case similar to the one at bar, Judge Annunziata, then of the Fairfax Circuit Court, overruled a demurrer to the plaintiff's quantum meruit count, stating:

Virginia law appears to follow the majority approach and will allow recovery on a quantum meruit claim by a subcontractor against an owner with whom he lacks contractual privity provided the essential elements of quasi contract are established.

*E. E. Lyons Constr. Co.*, 25 Va. Cir. at 354 (citing *School Bd. v. Saxon Lime & Lumber Co.*, 121 Va. 594, 93 S.E. 579 (1917); *Kern*, 224 Va. 678, 380–81, 299 S.E.2d 363, 364–65; *Sherwin Williams Co. v. Buckingham Assocs.*, 20 Va. Cir. 83 (Chesterfield Co. 1990)). Numerous circuit court opinions support the *E. E. Lyons* pronouncement regarding the state of quantum meruit recovery by subcontractors in Virginia. *See, e.g., R. M. Harrison Mech. Corp. v. Decker Ind., Inc.*, 75 Va. Cir. 404, 411 (Hopewell 2008); *CTI*

---

[1]  See, e.g., In re Virginia Block Co., 16 B.R. 771, 774 (Bankr. W.D. Va. 1982).

*Consultants, Inc. v. Mercure Dulles, Inc.*, 26 Va. Cir. 257, 259 (Loudoun County 1992).

Likewise, the opinion of this Court is in accord with the majority of the aforementioned decisions; a subcontractor may recover in quantum meruit against an owner with whom it has no contractual privity, regardless of the presence of an express contract governing the subject matter between the owner and the general contractor.

## B. *Elements of a Quantum Meruit Claim*

To state a claim for quantum meruit recovery under Virginia law, the plaintiff must establish three elements: (1) a benefit received by the defendant from the plaintiff; (2) knowledge of the benefit by the defendant; and (3) the defendant's acceptance and/or retention of the benefit without remuneration to the plaintiff would be inequitable, leading to unjust enrichment. *See, e.g., Centex Constr. v. Acstar Ins. Co.*, 448 F. Supp. 2d 697, 707 (E.D. Va. 2006); *Nossen v. Hoy*, 750 F. Supp. 740, 744–45 (E.D. Va. 1990); *E. E. Lyons Constr. Co.*, 25 Va. Cir. at 354.

The first two elements are rarely the subject of dispute or consternation in the courts of this Commonwealth and indeed, in this case, are readily established on the face of the pleadings. *See, e.g., R. M. Harrison Mech. Corp.*, 75 Va. Cir. at 407.

As for the third element, unjust enrichment itself, "The liability to pay for the services is based on an implication of law that arises from the facts and circumstances presented, independent of agreement or presumed intention." *Po River Water & Sewer Co. v. Indian Acres Club of Thornburg, Inc.*, 255 Va. 108, 114–15, 495 S.E.2d 478, 482 (1998) (citations omitted). There is not unjust enrichment if a party has paid for the benefits it received. *See, e.g., Kern*, 224 Va. at 680–81, 299 S.E.2d at 365. Here, the Complaint alleges "Figg was aware of the items paid by GIMC related to the demolition of the Jordan Bridge and has not paid for these items despite requests from Delta and GIMC." (Compl. ¶ 23.) This statement appears sufficient to allege that the owner has not paid the general contractor, thus partially satisfying the third element. *See E. E. Lyons Constr. Co.*, 25 Va. Cir. at 354. Additionally, as a part of the third element, a plaintiff seeking quantum meruit recovery must allege an expectation to be paid by the defendant. *See, e.g., Shen Valley Masonry, Inc. v. S. P. Cahill & Assocs., Inc.*, 52 Va. Cir. 484, 486 (Charlottesville 2000).

While defendant asserts that *Shen Valley* precludes recovery due to the existence of an express contract between the general contractor and the owner, such a prime contract in that case was incorporated by reference into the sub-contract between the general contractor and the subcontractor. *Shen Valley*, 52 Va. Cir. at 486.

With regard to the expectation of payment from the defendant and non-payment of the general contractor, Plaintiff's Exhibits 2:E and 2:F, letters of August 28, 2009, and August 30, 2009, from Figg to Delta and vice-versa, respectively, indicate that the defendant paid $364,730 to Delta, but both these letters contain lists of unpaid subcontractors. The Court may properly consider these attachments, as previously noted. *See, e.g., Flippo*, 241 Va. at 17, 400 S.E.2d at 156. Importantly, Plaintiff's Exhibit 2:F contains a list of unpaid contractors, including GIMC.

According to the August 30, 2009, letter from Delta to Figg, GIMC was owed $285,000 as of that date; this letter also may be read to establish an expectation to be paid by defendant, as it requests a joint or alternate check to "Delta/G.I&M." Correspondingly, an allegation of the issuance of joint checks led the *E. E. Lyons* Court to find a reasonable expectation of payment from the defendant. *See E. E. Lyons Constr. Co.*, 25 Va. Cir. at 355.

While defendant maintains that the payment expectation must pre-exist the completion of the work, the letter, in conjunction with the Complaint, establishes some degree of ambiguity and gives rise to an inference that GIMC expected payment from Figg, placing such contention beyond the realm of proper disposition on demurrer. Even if the defendant were to present evidence on this point, the Court may not consider it at this early juncture. *See, e.g.*, W. Hamilton Bryson, *Bryson on Virginia Civil Procedure*, § 6.03(5)(a) (4th ed. 2005); *see also Landes v. Erie Ins. Exch.*, 48 Va. Cir. 298, 298 (Chesterfield County 1999). In sum, reading the attached exhibits in conjunction with the Complaint, the plaintiff satisfies the third quantum meruit element, unjust enrichment.

Because the plaintiff has established the trifecta of quantum meruit elements, the Court now turns to the defendant's remaining argument.

## C. *Impact of a Failure to Timely Perfect a Mechanic's Lien on a Quantum Meruit Claim*

Despite the fact that the plaintiff has adequately alleged the three elements of a claim for unjust enrichment, there remains the issue of equitable preclusion: whether quantum meruit recovery is available against Figg, as GIMC failed to timely perfect a mechanic's lien for the work performed. *See Connemara Corp. v. St. Andrews, L.L.C.*, 72 Va. Cir. 289 (Lancaster County 2006). It is recognized that failure to perfect a mechanic's lien bars recovery under an equitable claim, as equity aids the vigilant. *See id.* This naturally follows the ancient maxim "*vigilantibus non dormientibus jura subveniunt.*" *See Tackett v. Bolling*, 172 Va. 326, 335, 1 S.E.2d 285, 289 (1939) (Hudgins, J., dissenting) (Translating the phrase to mean: "[T]he laws come to the aid of the vigilant and not the sleeping ones.").

The pleadings establish that the preliminary notice of claim was sent by GIMC to Figg on February 10, 2010, and a second notice of claim was

sent February 24, 2010, while the work occurred previously, at some point in 2009. (*See* Compl. ¶ 20.) As defendant asserts and the Court assumes without deciding, these late notices do not affect perfection of a statutory mechanic's lien pursuant to Virginia Code § 43-11.

Nevertheless, *Connemara* is distinguishable from the case at bar, as *Connemara* involved security interests and the priority of lienholders; the defendant in that case did not realize a tangible benefit from the work completed by the plaintiff, as is alleged here. *See R. M. Harrison Mech. Corp.*, 75 Va. Cir. at 413.

Furthermore, "[a]t the demurrer stages, it is too early to determine whether there is an adequate remedy at law" that would prelude quantum meruit recovery. *Elegant Homes of Va., Inc. v. Boberski*, 70 Va. Cir. 377, 378 (Charlottesville 2006) (citing *Faulknier v. Shafer*, 264 Va. 210, 216–17, 563 S.E.2d 755, 759 (2002)).

The Court consequently finds that the issue of equitable preclusion is not properly addressed at this stage of the proceedings.

## IV. *Conclusion*

As the plaintiff has adequately pleaded all elements of a claim for quantum meruit recovery and a decision on the issue of equitable preclusion is premature, defendant's demurrer is overruled.